■ In the Matter of JON PABON, Appellant, v ROBERT H. KUHLMANN, as Superintendent of Sullivan Correctional Facility, Respondent. [705 NYS2d 82] —Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 15, 1999 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner, a prison inmate, was found guilty of creating a disturbance, refusing a direct order, being out of place and committing a visiting room violation, all in contravention of prison disciplinary rules. The determination of guilt was affirmed upon petitioner's administrative appeal and he thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and we affirm.*

In our view, Supreme Court correctly rejected petitioner's contention that the determination must be annulled due to the alleged untimeliness of the disciplinary hearing. The record demonstrates that the underlying incidents prompting the issuance of the misbehavior report occurred on June 17, 1998 and the hearing commenced seven days after the incident on June 24, 1998. Thus, it is irrelevant whether petitioner was confined in the mental health unit on June 17, 1998 or thereafter since the commencement date of the hearing clearly comported with 7 NYCRR 251-5.1. Furthermore, the record demonstrates that the hearing was also concluded within the time allowed pursuant to the extension granted while petitioner was under confinement (*see generally, Matter of Stokes v Goord*, 254 AD2d 558, *lv denied* 92 NY2d 819). The extension permitted the hearing to conclude within 11 days of petitioner's release, which occurred on June 24, 1998, and the hearing was completed on July 3, 1998. Contrary to petitioner's argument, we find that the extension request was valid despite the fact that the paperwork contained an erroneous description of claimant's location. Notably, this form also indicated that petitioner was "a patient" and, clearly, the hearing could not have commenced while petitioner was under observation in the

---

* Since the petition raises an issue of substantial evidence with respect to the finding of guilt, Supreme Court should have transferred the proceeding to this Court pursuant to CPLR 7804 (g). In any event, we note that on appeal to this Court, petitioner has abandoned all issues other than those related to the timeliness of the disciplinary hearing.

facility's mental health unit, regardless of where that process occurred.

The remaining arguments advanced by petitioner have been examined and found to be unpersuasive.

Cardona, P. J., Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.