◼ In the Matter of BATISTA CARRELERO, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [726 NYS2d 296] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 14, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Following a tier III hearing, petitioner was found guilty of violating the prison disciplinary rules prohibiting assault on staff, harassment and refusal of a direct order. According to the misbehavior report, petitioner made a harassing remark to a teacher, refused a direct order to present his identification card and hit the teacher in the face. Upon petitioner's administrative appeal, the penalty imposed was reduced but the determination of guilt was otherwise affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and we affirm.

Initially, petitioner's claim that this proceeding should have been heard by Supreme Court in Chemung County concerns venue, not jurisdiction, and venue in Albany County was proper (*see*, CPLR 506 [b]). Turning to the merits, we note that petitioner's argument that the determination of guilt is not supported by substantial evidence was not raised in the petition and, thus, is not properly before us (*see, Matter of Izquierdo v Goord*, 275 AD2d 494, *appeal dismissed* 95 NY2d 930, *lv denied* 96 NY2d 704).

With respect to petitioner's remaining arguments, his claims of inadequate employee assistance and denial of documents are based upon the failure to provide him with certain departmental directives in Spanish. However, since the Hearing Officer concluded that the directives had no relevance to the charges in the misbehavior report and petitioner has made no attempt to demonstrate their relevance, there is no merit to those claims (*see, Matter of Dabney v Murphy*, 278 AD2d 714). Next, inasmuch as the day that the misbehavior report is written is excluded for the purposes of the seven-day period specified in 7 NYCRR 251-5.1 (a) (*see*, General Construction Law § 20; *see also, Matter of Harris v Goord*, 268 AD2d 933), we find that the hearing was timely commenced (*see, Matter of Pabon v Kuhlmann*, 269 AD2d 635). Furthermore, considering the serious

nature of petitioner's violations, which included assault on a facility staff member, the penalty, which was reduced on administrative appeal, is not harsh and excessive (*see, Matter of Kelley v Goord*, 274 AD2d 705, *lv denied* 95 NY2d 768).

The remainder of petitioner's claims are not preserved for judicial review and/or are unsupported by the record.

Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.