■ In the Matter of TAMAR LOPER, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, et al., Respondents. [744 NYS2d 517] —Lahtinen, J. (1) Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County), to review a determination of respondent Superintendent of Southport Correctional Facility which found petitioner guilty of violating a prison disciplinary rule, and (2) appeal from a judgment of the Supreme Court (Castellino, J.), entered October 9, 2001 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondents finding him guilty of violating certain prison disciplinary rules.

Petitioner was the subject of three misbehavior reports which gave rise to this CPLR article 78 proceeding. The first misbehavior report, filed in November 2000, charged petitioner with intentionally flooding the facility after the toilet in his cell overflowed into the corridor. The ensuing tier II disciplinary hearing resulted in a finding of guilt. As petitioner's challenge to this determination was essentially based upon the argument that it was not supported by substantial evidence, Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g). As respondents concede the insufficiency of the evidence presented against petitioner at the disciplinary hearing, the determination finding him guilty of intentional flooding is annulled.

In the second misbehavior report, filed against petitioner in December 2000, the reporting correction officer related that a strip-frisk of petitioner resulted in the discovery of a plastic bottle filled with urine. Following a tier III disciplinary hearing, petitioner was found guilty of smuggling, possession of contraband and committing an unhygienic act. Upon administrative review, the determination was modified to dismiss the

the corroboration requirement set forth in Workers' Compensation Law § 118 is inapplicable.

charge of committing an unhygienic act. Substantial evidence of petitioner's guilt on the smuggling and possession of contraband charges was presented at the disciplinary hearing in the form of the misbehavior report, a videotape of the strip-frisk, photographs of the bottle and petitioner's own testimony in which he acknowledged that he had secreted a bottle of urine in his pants.

In the third misbehavior report, filed in January 2001, the reporting correction officer related that he was collecting styrofoam cups and trays from inmates who had eaten in their cells when petitioner repeatedly refused direct orders to turn in his styrofoam cup and tray. Following a tier II disciplinary hearing, he was found guilty of refusing to obey a direct order, interference with a staff member and improper use of mess hall utensils. Substantial evidence of petitioner's guilt was presented in the form of the misbehavior report and the testimony of a correction officer who conducted an interview with petitioner shortly after the incident in question. Petitioner admitted to the officer that he had refused to return his cup and tray, explaining that he needed them for use as evidence that someone had tampered with his food, possibly in retribution for certain grievances he had filed. Supreme Court upheld the disciplinary determinations stemming from both the second and the third misbehavior reports and dismissed the petition insofar as it sought to challenge them.

On this appeal, petitioner contends, inter alia, that he was denied the right to call witnesses at the disciplinary hearings held in December 2000 and January 2001. We disagree. A review of the transcript of the hearing held in December 2000, on the charges of smuggling and possession of contraband, discloses that although petitioner requested his employee assistant to call the reporting officer as a witness, he did not make this request to the Hearing Officer at the hearing. Hence, petitioner waived his right to call this witness and his due process rights were not violated (*see, Matter of Shannon v Goord*, 282 AD2d 909, 910; *Matter of Hodge v Goord*, 280 AD2d 767).

As to the hearing held in January 2001, arising out of petitioner's failure to return his cup and tray, the Hearing Officer acted within his discretionary power when he denied petitioner's request to present the testimony of four correction officers alleged to have knowledge of past grievances filed by petitioner in which he alleged that someone had tampered with his food. Their testimony was properly precluded as irrelevant to the issue of petitioner's guilt or innocence of the charged misconduct (*see, Matter of Barnes v Selsky*, 278 AD2d

707; *Matter of Jones v Goord*, 274 AD2d 902). Petitioner's remaining contentions, including his assertion of Hearing Officer bias, have been reviewed and found to be without merit.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination dated December 6, 2000 is annulled, without costs, and petition granted insofar as it challenges the finding of guilt of intentional flooding. Ordered that the judgment is affirmed, without costs.