■ In the Matter of VICTOR M. MEDINA JR., Petitioner, v LEONARD A. PORTUONDO, as Superintendent of Shawangunk Correctional Facility, Respondent. [749 NYS2d 291] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two separate misbehavior reports with violating prison rules by possessing narcotics and contraband. The first misbehavior report alleged, inter alia, that while in the prison law library on August 22, 2000, petitioner received a receptacle containing marihuana from another inmate. As a result, petitioner was charged with violating the rules prohibiting the possession of drugs and possession of contraband. The second misbehavior report alleged that, shortly after the transaction described above, petitioner was strip searched and two receptacles were found in his underwear, one containing "Ajax" detergent and the other containing a leafy substance which tested positive for marihuana. Based upon these allegations, petitioner was again charged with drug

possession in violation of prison rules. Following a tier III disciplinary hearing addressing both misbehavior reports, petitioner was found guilty of the possession of contraband charge alleged in the first misbehavior report and the possession of a controlled substance charge alleged in the second misbehavior report. Upon petitioner's administrative appeal, the disposition was affirmed, prompting petitioner to commence this CPLR article 78 proceeding challenging the determination.

Initially, we conclude, and respondent concedes, that the determination finding petitioner guilty of possession of contraband as charged in the first misbehavior report is not supported by substantial evidence. The record demonstrates that the Hearing Officer based that finding upon petitioner's possession of Ajax that was actually charged in the second misbehavior report. Accordingly, the determination with respect to that charge must be annulled with all references thereto expunged from petitioner's institutional record (see Matter of Loper v McGinnis, 295 AD2d 777; Matter of Gonzalez v Selsky, 294 AD2d 734).* In reference to the charge of possession of a controlled substance described in the second misbehavior report, however, we find that the charge is sufficiently supported by the evidence, including the misbehavior report and testimonial evidence (see Matter of Toomer v Goord, 290 AD2d 860).

Turning to petitioner's various procedural arguments, we find them unpersuasive. First, the record demonstrates that the hearing was timely commenced within seven days of his confinement in the special housing unit as a result of the incidents underlying the misbehavior reports (see 7 NYCRR 251-5.1 [a]). Additionally, the hearing was timely concluded even though it ended beyond the 14-day limit since proper extensions were obtained (see 7 NYCRR 251-5.1 [b]; Matter of Pabon v Kuhlmann, 269 AD2d 635, 635).

Next, petitioner contends that the correction officers lacked probable cause to conduct the strip search. We do not agree because, prior to the search, an officer witnessed petitioner receiving a receptacle from another inmate in an apparent drug transaction, a circumstance which demonstrates probable cause to conduct a strip search upon an inmate (see Matter of Young v Coombe, 227 AD2d 799, 800). Petitioner also objects to the Hearing Officer's denial of his request to call a prison chaplain as a witness. However, petitioner conceded that the chap-

---

* We note that, inasmuch as "petitioner already served the penalty imposed and there was no recommended loss of good time, it is unnecessary to remit the matter * * * for a redetermination of the penalty imposed" (Matter of Baez v Goord, 261 AD2d 741, 742).

lain did not witness the underlying incident and he only sought to present his testimony to establish his suspicion that handwriting on two documents were different although the chaplain was not a handwriting expert. Under the circumstances, the proposed testimony was properly excluded (*see Matter of Loper v McGinnis, supra; Matter of Chappelle v Coombe*, 234 AD2d 779, 779). We further note that the Hearing Officer was not required to produce a handwriting expert (*see Matter of Garcia v Selsky*, 266 AD2d 772, 773).

Petitioner further argues that the determination should be annulled because the correction officer who performed the drug test on the substances did not properly complete form 2080 (*see* 7 NYCRR 1010.4 [b]). Upon review, we disagree because we find that the testing officer complied with all necessary requirements when completing the form. In addition, while it is true that the marihuana confiscated from petitioner was not weighed prior to the testing request and, therefore, the amount of substance seized is not indicated on the form, we note that the information was not required inasmuch as possession of any amount of marihuana is sufficient to demonstrate a violation of prison rules (*see* 7 NYCRR 270.2 [B] [14] [xvi]).

Petitioner's remaining arguments, including his claim of Hearing Officer bias and challenge to the sufficiency of the statement of evidence relied upon, have been examined and found to be either without merit or academic.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of contraband; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.