■ In the Matter of SHAWNON BOLDEN, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [759 NYS2d 565] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a physical altercation involving a number of inmates, petitioner was charged in a misbehavior report with assault, possession of a weapon, refusing a direct order and creating a disturbance. Thereafter, a tier III disciplinary hearing was conducted at which correction officers and inmates testified. At the conclusion of the hearing, the Hearing Officer found petitioner guilty of all charges. The Commissioner of Correctional Services affirmed this decision upon administrative appeal. This CPLR article 78 proceeding ensued.

Contrary to petitioner's claim, we find that substantial evidence supports the Commissioner's determination. The correction officer who authored the misbehavior report testified that he witnessed petitioner chase and engage in a fight with another inmate during which petitioner held something in his hand and made stabbing motions toward the inmate. Petitioner then refused direct orders to stop and drop the weapon, stabbed another inmate who interceded on the victim's behalf, and then tossed his weapon aside. The officer stated that one of the victims suffered puncture wounds to his back, side and arm which were consistent with being struck with an ice pick type weapon. While several handmade weapons were recovered in the area, none was ever connected to petitioner or to the victims' injuries. The officer's testimony was substantiated by that of other correction officers who were present at the scene. Although petitioner and his inmate witnesses, including the victims, gave contrary testimony, this presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Passon v Goord,* 301 AD2d 977 [2003]; *Matter of Vasquez v Goord,* 301 AD2d 986 [2003]).

Likewise, we find no merit to petitioner's claim that he was improperly denied the right to have additional witnesses testify at the hearing. While petitioner initially requested that two correction officers be called to testify, the transcript reflects that once the Hearing Officer concluded that none of the weapons recovered by these officers could be connected to petitioner, the testimony of these witnesses was no longer relevant nor did petitioner request their testimony thereafter. Thus, we find no error occurred. With regard to two inmate witnesses who petitioner now claims were necessary to his defense, petitioner's employee assistant ascertained that they refused to testify and petitioner never specifically requested their testimony at the hearing. Consequently, the Hearing Officer did not err in failing to call them or to obtain witness refusal forms (*see Matter of Loper v McGinnis,* 295 AD2d 777, 778 [2002]; *see also Matter of Shannon v Goord,* 282 AD2d 909, 910 [2001]). Also, one of the stabbing victims initially declined to testify. However, once petitioner specifically requested his testimony and the Hearing Officer sought a witness refusal form from him, the victim changed his mind and, in fact, testified in petitioner's favor.

Petitioner's remaining claims have been examined and determined to lack merit.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.