■ In the Matter of WILFREDO POLANCO, Petitioner, v FLOYD G. BENNETT JR., as Superintendent of Elmira Correctional Facility, et al., Respondents. [773 NYS2d 911]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Elmira Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was served with a misbehavior report indicating that he came out of his cell with clenched fists yelling at the facility nurse that he had not received his medication the night before. Petitioner ignored the nurse's orders to stop yelling and continued to demand that she give him his medication. Following a disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules that prohibit violent conduct and disobeying a direct order. This CPLR article 78 proceeding ensued.*

We are unpersuaded by petitioner's assertions that he was improperly removed from the hearing and that testimony was taken outside his presence. Given petitioner's argumentative and disruptive conduct during the hearing, we find no error in the Hearing Officer's decision to exclude petitioner from the remainder of the hearing (see Matter of Beckles v Selsky, 273 AD2d 584, 585 [2000], lv denied 95 NY2d 764 [2000]). In any event, the record establishes that following petitioner's removal, the hearing was concluded and no further testimony was taken. Contrary to petitioner's contention, the hearing was timely completed pursuant to a valid extension (see 7 NYCRR 251-5.1 [b]; Matter of Medina v Portuondo, 298 AD2d 733, 734 [2002], lv denied 99 NY2d 510 [2003]). To the extent that petitioner addresses the penalty imposed, which included 30 days of keeplock and loss of privileges, it cannot be said to be so disproportionate to the offense as to shock one's sense of fairness (see Matter of Kross v Goord, 278 AD2d 637, 637-638 [2000]).

---

* Although the proceeding was properly transferred to this Court because the petition raised an issue regarding substantial evidence, petitioner fails to address the issue in his brief and we deem it abandoned (see Matter of Russell v Selsky, 305 AD2d 844, 844 n [2003], lv denied 100 NY2d 510 [2003]).

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.