■ In the Matter of GARY GILLARD, Petitioner, v BRANDI WHITE, as Inmate Grievance Supervisor, et al., Respondents.
[912 NYS2d 460]—

Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Washington County) to review (1) two determinations of respondent Superintendent of Great Meadow Correction Facility which found petitioner guilty of violating certain prison disciplinary rules, and (2) a determination of respondent inmate grievance supervisor which denied petitioner's grievance.

Petitioner was served with a misbehavior report charging him with refusing a direct order after he was ordered by a correction officer to proceed to the sergeant's office on December 7, 2008 and he refused to do so. He was found guilty of that charge following a tier II disciplinary hearing which he refused to attend and, thereafter, received no response to his administrative appeal. Subsequently, petitioner received another misbehavior report for a similar incident on December 9, 2008, and was again found guilty after a tier II disciplinary hearing which he did not attend. Again receiving no response to his administrative appeal, petitioner filed a grievance protesting the lack of response and seeking reversal of the disciplinary determinations and expungement of such determinations; his grievance was denied on the basis that the inmate grievance review committee "does not have the authority to reverse misbehavior reports." He then commenced this CPLR article 78 proceeding to challenge the disciplinary determinations and the determination denying his grievance.

We confirm. Initially, we find that the detailed misbehavior reports, standing alone, are sufficient to provide substantial evidence to support both determinations finding petitioner guilty of refusing a direct order (*see Matter of Rivera v Pilon*, 59 AD3d 761, 762 [2009]; *Matter of Igartua v Rivera*, 58 AD3d 1046 [2009]). Petitioner's contention that he received the misbehavior reports in retaliation for grievances he filed is unpreserved for this Court's review by his failure to attend the disciplinary hearings and present such defense to the Hearing Officers prior to the conclusion of the proceedings (*see Matter of Reese v Bezio*, 75 AD3d 1029 [2010]; *Matter of Lawson v Commissioner of Correctional Servs.*, 73 AD3d 1296 [2010]).

Similarly, we find that the denial of petitioner's grievance had a rational basis and was not affected by an error of law (*see Matter of Bermudez v Fischer*, 71 AD3d 1361, 1362 [2010], *lv denied* 15 NY3d 702 [2010]; *Matter of Green v Bradt*, 69 AD3d 1269, 1270 [2010], *lv denied* 14 NY3d 710 [2010]). Grievance procedures are not the proper vehicle to challenge individual prison disciplinary determinations (*see* 7 NYCRR 701.3 [e] [2]; *Matter of Adorno v Jones*, 113 AD2d 973, 974 [1985]). To the extent petitioner now argues that his due process rights were

violated by a policy of respondents to deliberately fail to respond to appeals within 15 days pursuant to 7 NYCRR 253.8 (*see* 7 NYCRR 701.3 [e] [3]), inasmuch as petitioner did not sufficiently articulate such argument in his grievance, respondents' denial of the grievance was proper for the reasons stated therein. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Rose, Stein and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.