■ In the Matter of MARTIN HODGE, Petitioner, v JAMES WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [938 NYS2d 365]—

Petitioner was subsequently charged in a second misbehavior report with creating a disturbance, refusing a direct order and interfering with an employee. These charges stemmed from an incident in which petitioner arrived at the clinic at the incorrect time to receive his medication and, when he later returned, became argumentative with a nurse and refused to surrender his medication pass which had the wrong appointment time written upon it until he was ordered to do so by a sergeant. Following a second tier II disciplinary hearing, he was found guilty of interfering with an employee and refusing a direct order. This determination was also affirmed on administrative appeal.

Between the dates of the aforementioned disciplinary determi-

nations, petitioner filed a grievance seeking to have four disciplinary rule violations removed from his record on the basis that he was not provided with guidelines and instructions relating to the facility telephone program pursuant to directive No. 4423. The Central Office Review Committee denied the grievance. Petitioner commenced this CPLR article 78 proceeding challenging the two disciplinary determinations as well as the determination denying his grievance.

Petitioner raises only procedural arguments with respect to the two disciplinary determinations.* With regard to the first determination, he asserts, among other things, that he was denied a complete copy of directive No. 4910A pertaining to the handling, storage and disposal of contraband and also that the contraband seized, namely the coat hangers, was not entered into evidence or disposed of in accordance with the proper procedure. The Hearing Officer concluded that these claims had merit and, as a result, found petitioner not guilty of smuggling and engaging in an unauthorized exchange. We agree with the Hearing Officer's conclusion and find that these are the only charges to which such procedural objections are relevant (*see Matter of Lopez v Healy*, 39 AD3d 978, 978-979 [2007]; *Matter of Carrelero v Goord*, 284 AD2d 679, 679 [2001]). Inasmuch as they have no bearing on the determination of guilt with regard to the charge of lying, and petitioner has failed to preserve his remaining claims through a timely objection at the hearing, we find no reason to disturb the determination of guilt.

Turning to the second disciplinary determination, petitioner argues that the procedures set forth in directive No. 4910A were not complied with because the medication pass was destroyed prior to the conclusion of the hearing. We find this claim to be unavailing inasmuch as the subject directive deals with the handling, storage and disposition of contraband and petitioner was not charged with the possession of contraband. Likewise, there is no merit to his assertion that he was improperly denied the testimony of an inmate witness given that the witness executed a refusal form indicating that he had no knowledge of the incident, and petitioner was apprised of this fact at the hearing (*see Matter of Haynes v Bezio*, 73 AD3d 1295, 1296 [2010]; *Matter of Reynoso v Fischer*, 67 AD3d 1166 [2009], *appeal dismissed* 14 NY3d 767 [2010]). In view of the

---

* Although petitioner contends that this proceeding was improperly transferred to this Court, we disagree since the petition and amended petition raise a question of substantial evidence. Petitioner, however, has abandoned that issue by not raising it in his brief (*see Matter of Grant v Prack*, 86 AD3d 885, 886 n [2011]).

foregoing, there is no reason to disturb the second disciplinary determination.

Lastly, petitioner's challenge to the denial of his grievance must also be rejected. Petitioner's grievance seeks to reverse prior disciplinary determinations and the filing of a grievance is not the proper vehicle for doing so (*see Matter of Gillard v White*, 79 AD3d 1466, 1467 [2010]; *see also* 7 NYCRR 701.3 [e]). Therefore, the determination denying petitioner's grievance must also be upheld.

Peters, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.