Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Following an investigation, petitioner was charged in an August 5, 2012 misbehavior report with extortion. A second misbehavior report dated August 6, 2012 charged petitioner with possession of contraband, an unhygienic act and a violation of urinalysis testing procedures after a search of his cell uncovered the finger of a latex glove containing a substance that appeared to be urine. Following separate tier III disciplinary hearings, petitioner was found guilty of all charges, with the exception of violating urinalysis testing procedures, by determinations issued August 10, 2012 and August 15, 2012, respectively. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging both determinations.
Initially, respondents concede, and we agree, that the August 10, 2012 determination stemming from the first misbehavior report must be annulled given the Hearing Officer’s failure to ascertain the reasons for various requested witnesses’ refusals to testify. As such, the determination is annulled, all references expunged from petitioner’s institutional record and any surcharge in connection with that determination refunded.
Turning to the August 15, 2012 determination, we find substantial evidence in the record to support the determination that petitioner possessed contraband in the form of the misbehavior report and testimony at the hearing, most importantly petitioner’s admissions that he possessed an approved item that had been altered (see Matter of Silverstein v Bezio, 65 AD3d 1424, 1424-1425 [2009]; Department of Corrections & Community Supervision Directive No. 4910A [III] [A] [5]). We find that the charge of committing an unhygienic act — storing urine — must be annulled since we find merit in petitioner’s procedural argument that facility personnel’s failure to comply with Department of Corrections and Community Supervision *1117 Directive No. 4910A (VII) (c) by disposing of the contraband (which had not been tested to confirm that it was urine) prior to the conclusion of the disciplinary proceeding was relevant to the issue of whether the liquid in the finger of the latex glove was urine (see Matter of Hodge v Walsh, 92 AD3d 1049, 1050 [2012], lv denied 19 NY3d 803 [2012]). Since no loss of good time was recommended, it is not necessary to remit for a redetermination of the penalty (see Matter of Rivera v Fischer, 110 AD3d 1277, 1278 [2013]). Petitioner’s remaining contentions have been considered and are without merit.
Lahtinen, J.P., McCarthy, Garry and Rose, JJ., concur. Adjudged that the determination dated August 10, 2012 is annulled, without costs, petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner’s institutional record.
Adjudged that the determination dated August 15, 2012 is modified, without costs, by annulling so much thereof as found petitioner guilty of committing an unhygienic act; respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.