■ In the Matter of CHARLES JONES, Petitioner, v DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, Respondent. [724 NYS2d 793] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Ogdensberg Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

While incarcerated at a State correctional facility, petitioner mailed letters to two Justices of the First Department containing insolent and abusive language. Following a tier II hearing, he was found guilty of violating the prison disciplinary rule prohibiting inmates from engaging in harassment. The sole penalty was counseling and a reprimand. This CPLR article 78 proceeding was commenced to challenge, *inter alia*, the determination rendered.

The misbehavior report and letters received into evidence at the hearing, together with petitioner's admission that he authored the letters, provide substantial evidence of his guilt (*see, e.g., Matter of Rodriguez v Goord*, 261 AD2d 740, 741, *lv denied* 93 NY2d 818). Petitioner's assertion that the disciplinary rule governing harassment is unconstitutionally vague is unavailing. Disciplinary rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]) states that "[i]nmates shall not harass employees or any other persons verbally or in writing. This includes, but is not limited to, using insolent, abusive, or obscene language or gestures, or writing or otherwise communicating messages of a personal nature to employees or volunteers." In our view, this language provides a person of ordinary intelligence with sufficient notice that sending threatening letters to judges will constitute conduct proscribed by the rule (*see, Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868; *Matter of Hobson v Coughlin*, 137 AD2d 940). Petitioner's further contention that his letters constituted protected expression under the 1st Amendment of the US Constitution is also

unpersuasive (*see, Matter of Amaker v Senkowski*, 271 AD2d 772, *lv denied* 95 NY2d 760).

As to the allegations first raised by petitioner in this proceeding that he was denied proper dental treatment, his failure to have first exhausted available administrative remedies precludes our review (*see, Matter of Hakeem v Wong*, 223 AD2d 765, 765-766, *lv denied* 88 NY2d 802).

Petitioner's remaining contentions have been examined and found to be either unpreserved or lacking in merit.

Cardona, P. J., Crew III, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.