■ In the Matter of ALFONSO RIZZUTO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [826 NYS2d 852]—

Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with making false statements, possessing an unauthorized valuable and using a prepaid telephone calling card. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty of four months' confinement and a corresponding loss of privileges was imposed. Upon administrative review, the respective penalties were reduced to three months. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination.

Preliminarily, respondent concedes and our review of the record reveals that the charge of using a prepaid telephone calling card is not supported by substantial evidence and, to that extent, the underlying determination must be annulled (see *Matter of Arpa v David*, 32 AD3d 1140, 1141 [2006]). In light of the fact that there was no recommended loss of good time and given that petitioner already has served the three months ultimately imposed, we need not remit for a redetermination of the penalty (see *Matter of Wan Zhang v Murphy*, 1 AD3d 784 [2003]).

Turning to the balance of this proceeding, petitioner addressed only two of the 70 "questions presented" in his brief. As to the issues briefed, we are satisfied that the misbehavior report, the testimony of the correction officers at issue and petitioner's own admissions constitute substantial evidence to support the findings of guilt relative to the charges of making false statements and possessing an unauthorized valuable. To the extent that petitioner attempted to explain away his conduct

and/or assert that the charges were issued in retaliation for various grievances he had filed, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Hamilton v Selsky*, 13 AD3d 844, 845 [2004], *lv denied* 5 NY3d 704 [2005]). Nor are we persuaded that petitioner was denied the right to call certain witnesses to testify at the disciplinary hearing, as the record reflects that the sought-after testimony would have been either irrelevant or redundant (*see Matter of Pettus v West*, 28 AD3d 907, 908 [2006]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of using a prepaid telephone calling card; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.