■ In the Matter of RICHARD E. SLOANE, Petitioner, v HAROLD McKINNEY, as Superintendent of Mt. McGregor Correctional Facility, Respondent. [850 NYS2d 713]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, sent a letter to the package room correction officer which referred to that officer in a disrespectful manner and alleged that the officer had commented to petitioner about a grievance that he had filed. Denying that he ever made such a comment to petitioner, the correction officer issued a misbehavior report charging him with lying, harassment and violating facility correspondence procedures. Following a tier II disciplinary hearing, petitioner was found guilty of all three charges. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

Initially, respondent concedes and our review of the record confirms that the charge of violating facility correspondence procedures is not supported by substantial evidence and, accordingly, the determination must be annulled to that extent (*see Matter of Rampersant v Selsky*, 32 AD3d 1085, 1086 [2006]). Remittal for a redetermination of the penalty is not necessary, however, given that no loss of good time was imposed and petitioner has already served the penalty (*see Matter of Ricco v Goord*, 4 AD3d 707, 707 [2004], *lv denied* 2 NY3d 707 [2004]). Turning to the remaining charges of lying and harassment, we conclude that they are supported by substantial evidence in the record consisting of the misbehavior report, together with the subject letter and petitioner's admission that he wrote it (*see Matter of Robinson v Selsky*, 43 AD3d 529, 530 [2007]). To the extent that petitioner denied the allegations against him and asserted a retaliation defense, credibility issues were created for resolution by the Hearing Officer (*see Matter of Rizzuto v Goord*, 36 AD3d 1124, 1124-1125 [2007]).

We have reviewed petitioner's remaining claims and find them to be unavailing.

Cardona, P.J., Peters, Lahtinen, Kane and Malone Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of

violating facility correspondence procedures; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.