In the Matter of JONATHAN ODOM, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [870 NYS2d 811]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged in two separate misbehavior reports with violating various prison disciplinary rules. Following respective tier III disciplinary hearings, petitioner was found guilty on October 15, 2007 of threatening the staff and on October 19, 2007 of refusing a direct order and losing state property. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding seeking annulment of both determinations. We now confirm.

The October 15, 2007 determination of guilt is supported by substantial evidence in the form of the relevant misbehavior

report, the letter containing the threatening language and petitioner's admission that he wrote the letter (*see Matter of Sloane v McKinney*, 48 AD3d 850, 850 [2008]). We also reject petitioner's assertion that this misbehavior report was not sufficiently detailed. We note that, although he was not provided with a copy of the alleged threatening letter (which was incorporated by reference in the misbehavior report) until the hearing, he failed to show that he was prejudiced in his ability to mount a defense (*see Matter of Faison v Senkowski*, 255 AD2d 625, 626 [1998], *appeal dismissed* 93 NY2d 847 [1999]; *Matter of Di Rose v Coombe*, 233 AD2d 799, 800 [1996]).

Likewise, the October 19, 2007 determination of guilt is supported by substantial evidence consisting of the pertinent misbehavior report and the testimony adduced at the hearing, including the confidential testimony considered by the Hearing Officer in camera (*see Matter of Nova v Selsky*, 54 AD3d 453, 454 [2008]). Petitioner's assertion that this misbehavior report was issued in retaliation for his filing of grievances created a credibility issue for resolution by the Hearing Officer (*see Matter of Zaire v Artus*, 49 AD3d 945, 946 [2008]).

Petitioner's remaining contentions have been examined and, to the extent preserved, are lacking in merit.

Cardona, P.J., Mercure, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.