■ In the Matter of ALBERTO BENVENUTTI, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 277]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an argument, petitioner was involved in a physical altercation with another inmate and struck that inmate with a weight bar. The inmate reported the incident to a correction officer and, when questioned about his whereabouts during the incident, petitioner gave false information. As a result, petitioner was charged in a misbehavior report with assaulting another inmate, possessing a weapon, possessing an altered item and making a false statement. Following a tier III disciplinary hearing, petitioner was found guilty of all of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that the record does not contain substantial evidence supporting that part of the determination finding petitioner guilty of possessing an altered item (*see* 7 NYCRR 270.2 [B] [14] [ii]); consequently, the determination must be annulled to such extent (*see Matter of Sloane v McKinney*, 48 AD3d 850, 850 [2008]; *Matter of Rizzuto v Goord*, 36 AD3d 1124, 1124 [2007]). Given that no loss of good time was imposed and petitioner has already served the penalty, however, the matter need not be remitted for a redetermination of the penalty (*see Matter of Rizzuto v Goord*, 36 AD3d at 1124; *Matter of Gonzalez v Selsky*, 23 AD3d 724, 725 [2005]). As for the remaining charges, the misbehavior report, documentary evidence and testimony adduced at the hearing, including that of the victim of the assault, provide substantial evidence supporting the determination of guilt (*see Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]; *Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). Petitioner's denial of the charges and assertion that he was in a different part of the facility at the time of the incident presented a credibility issue for the Hearing Officer to resolve (*see Matter of Williams v Selsky*, 50 AD3d 1426, 1427 [2008], *lv denied* 11 NY3d 703 [2008]). Petitioner's remaining contentions have not been preserved for our review due to his failure to either raise them at the hearing or in his administrative appeal.

Mercure, J.P., Rose, Kane, Kavanagh and Garry, JJ., concur.

Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an altered item; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.