■ In the Matter of ANTHONY M. GARRAWAY, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [894 NYS2d 569]—

Appeal from a judgment of the Supreme Court (Zwack, J.), entered March 26, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with making threats after he wrote a threatening letter to Broome County Child Protective Services concerning the manner in which that office had investigated allegations that his son had been abused by the child's stepfather. Following a tier III disciplinary hearing, petitioner was found guilty as charged. This determination was affirmed on administrative appeal, with a modified penalty. Following Supreme Court's dismissal of petitioner's CPLR article 78 proceeding, this appeal ensued.*

Initially, we find that the misbehavior report, together with the letter containing the threatening language and petitioner's admission that he wrote the letter, provide substantial evidence supporting the determination of guilt (see Matter of Odom v Selsky, 58 AD3d 1060, 1061 [2009]; Matter of Sloane v McKinney, 48 AD3d 850, 850 [2008]). Moreover, the misbehavior report was sufficiently detailed to apprise petitioner of the charge against him and afford him an opportunity to prepare a defense (see Matter of Arnold v Fischer, 60 AD3d 1177, 1177 [2009]). We note that, although petitioner was apparently not shown a copy of the letter until his hearing, where it was read into the record, he has not demonstrated that he was prejudiced thereby in his ability to defend himself (see Matter of Odom v Selsky, 58 AD3d at 1061).

Mercure, J.P., Rose, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We note that, inasmuch as the CPLR article 78 petition raises a question of substantial evidence, the proceeding should have been initially transferred to this Court. We therefore consider the issue de novo and render judgment accordingly (see Matter of Parkinson v Selsky, 45 AD3d 1079, 1080 [2007]).