Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.
After an inmate who was attacked identified petitioner as the aggressor, petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting assault upon other inmates and violent conduct. He was found guilty as charged following a tier III disciplinary hearing. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, when coupled with the documentary evidence and testimony adduced at the hearing— including that of the victim identifying petitioner as his attacker—provide substantial evidence of petitioner’s guilt (see Matter of Benvenutti v Fischer, 67 AD3d 1105, 1105 [2009]; Matter of Stone v Fischer, 62 AD3d 1064, 1065 [2009]). Moreover, any failings in petitioner’s employee assistance were remedied at the administrative hearing, and petitioner has failed to show that he was prejudiced by the alleged inadequacies (see Matter of Cornwall v Fischer, 74 AD3d 1507, 1508-1509 [2010]; Matter of Bartley v Fischer, 73 AD3d 1363, 1363 [2010]). Nor are we persuaded, after reviewing petitioner’s constant argumentative and obstructive behavior during the hearing in the face of warnings that he could be removed, that the Hearing Officer erred in ultimately doing so (see Matter of Jackson v Fischer, 67 AD3d 1207, 1208 [2009]; Matter of Applewhite v Goord, 49 AD3d 1046, 1047 [2008]).
Petitioner’s remaining claims, including that the Hearing Officer was biased and that the punishment imposed shocks the conscience, have been reviewed and found to be unpersuasive.
*1130 Peters, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.