■ In the Matter of CONRAD MARHONE, Petitioner, v THOMAS LaVALLEY, as Superintendent of Clinton Correctional Facility, et al., Respondents. [967 NYS2d 474]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Clinton Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

After purportedly witnessing her behave unprofessionally toward inmate workers, petitioner filed a grievance against a correction officer and sent her an inflammatory letter advising her of that fact. As a result of the letter, petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting stalking and harassment. Petitioner was found guilty as charged following a tier II disciplinary hearing and, after the determination was affirmed upon administrative appeal, commenced this CPLR article 78 proceeding.

Respondents initially concede, and we agree, that the determination must be annulled insofar as it found petitioner guilty of stalking the officer. Inasmuch as petitioner did not lose good time as a result of the determination and has already served the penalty imposed, remittal for a redetermination of the penalty is unnecessary (*see Matter of Hood v Fischer*, 100 AD3d 1122, 1123 [2012]).

We reach a different conclusion with regard to the harassment charge. The misbehavior report, the letter itself, and petitioner's admission that he authored it provide substantial evidence supporting that part of the determination of guilt (*see Matter of Sloane v McKinney*, 48 AD3d 850, 850 [2008]; *Matter of Jones v Department of Correctional Servs. of State of N.Y.*, 283 AD2d 805, 805 [2001]). Petitioner's retaliation defense created a credibility issue that was properly resolved against him by the Hearing Officer (*see Matter of Sloane v McKinney*, 48 AD3d at 850). Contrary to his further contention, the letter did not "constitute[ ] protected expression under the 1st Amendment of the US Constitution" (*Matter of Jones v Department of Correctional Servs. of State of N.Y.*, 283 AD2d at 805-806). His remaining arguments, to the extent they are properly before us, have been considered and rejected.

Peters, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stalking; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.