In the Matter of MITCHELL KALWASINSKI, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [810 NYS2d 224]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with engaging in the unauthorized exchange of property and providing unauthorized legal assistance after correction officers found another inmate's legal papers in his cell. Following a tier III disciplinary hearing, petitioner was found guilty of the unauthorized exchange of property charge. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author and petitioner's admission that he possessed another inmate's papers, constitute substantial evidence supporting the determination finding him guilty of engaging in the unauthorized exchange of property. Petitioner's claim that the exchange was authorized because the papers were delivered to him by a correction officer presented a credibility issue for the hearing officer to resolve (*see Matter of McAllister v Goord*, 6 AD3d 829, 830 [2004]). Moreover, we find no merit to

petitioner's contention that the misbehavior report violated 7 NYCRR 251-3.1, as it contained the necessary specificity to apprise petitioner of the charges so as to enable him to prepare an adequate defense (*see Matter of London v Selsky*, 247 AD2d 675 [1998]). We similarly are unpersuaded by petitioner's argument that the matter at hand should not have been designated for disposition via a tier III disciplinary hearing as such a hearing was appropriate for the rule violations at issue (*see* 7 NYCRR 270.2 [B] [14] [vi]; [26] [vii]). We have considered petitioner's remaining contentions, to the extent they are properly before us, and find them to be unavailing.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.