■ In the Matter of JOSEPH VIDAL, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [849 NYS2d 344]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, correction officers discovered a number of items including 722 stamps, another inmate's legal papers, another inmate's watch and an extra state-issued identification card. As a result, he was charged in a misbehavior report with possessing unauthorized property, providing unauthorized legal assistance, engaging in an unauthorized exchange and possessing an impermissible identification card. Following a tier III disciplinary hearing, petitioner was found guilty of all charges except for providing unauthorized legal assistance. As a penalty, the Hearing Officer imposed upon petitioner three months of keeplock, loss of packages, commissary and telephone, and directed that 668 of the stamps he possessed be confiscated. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the photograph of the items seized and petitioner's own testimony in which he admitted to possessing an unauthorized number of stamps, provide substantial evidence supporting the determination of guilt (*see Matter of Woodward v Selsky*, 43 AD3d 1209, 1210 [2007]). Petitioner's exculpatory explanations for possessing the items in question presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hannah v Burge*, 43 AD3d 1234 [2007]). We decline to address petitioner's argument that the stamps were improperly confiscated inasmuch as this is the subject of a separate CPLR article 78 proceeding and

petitioner has taken an appeal from Supreme Court's ruling on the matter.

Cardona, P.J., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.