■ In the Matter of MANHAL AL-IBRAHIM, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [901 NYS2d 876]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with lying, refusing a direct order and engaging in action detrimental to the order of the facility. The charges arose from allegations that petitioner, the chair of the facility's Inmate Liaison Committee, falsely reported that a representative on the committee had resigned, then improperly appointed another in his place who was elected to the position of committee vice chair. Petitioner was found guilty as charged following a tier III

---

* The physician who treated claimant in 2008 was not the same physician who treated her in 1979.

disciplinary hearing and, after an unsuccessful administrative appeal, commenced this CPLR article 78 proceeding.

Initially, respondent concedes that substantial evidence in the record does not support the determination of guilt of the charge of refusing a direct order, and that part of the determination is accordingly annulled. Inasmuch as petitioner has already served the penalty and no loss of good time was imposed, however, we need not remit the matter for a redetermination of the penalty (see Matter of Wilson v Kadien, 69 AD3d 1104, 1104 [2010]; Matter of Ortiz v Simmons, 67 AD3d 1208, 1209 [2009]).

Turning to the remaining charges, the misbehavior report, testimony and confidential information considered by the Hearing Officer provide substantial evidence supporting the determination of guilt (see Matter of Lopez v Fischer, 69 AD3d 1076, 1076 [2010]; Matter of Britt v Fischer, 54 AD3d 1087 [2008]). The contrary testimony, as well as petitioner's claim that the misbehavior report was filed in retaliation for committee work done by him and the putative vice chair, presented credibility issues for the Hearing Officer to resolve (see Matter of Lopez v Fischer, 69 AD3d at 1076; Matter of Pellot v Fischer, 67 AD3d 1231, 1231 [2009]).

Cardona, P.J., Spain, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.