■ In the Matter of DENNIS VOURDERIS, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [911 NYS2d 230]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was walking to his assignment in the law library, a correction officer stopped him and inspected paperwork that petitioner was carrying, which included a grievance form as well as parole papers belonging to other inmates. Petitioner's cell was thereafter searched and correction officials recovered, among other things, additional legal documents, a quantity of cigarettes with no record of purchase and a quantity of postage stamps exceeding the value permitted. Thereafter, petitioner was charged in a misbehavior report with solicitation, possessing stamps in excess of $22.50, possessing property without authorization, possessing other inmates' crime and sentence information, possessing stolen property and providing unauthorized legal assistance. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of all of the charges except for solicitation and possessing stolen property. After the determination was affirmed on administrative appeal, this CPLR article 78 proceeding ensued.

We confirm. Upon reviewing the record, we find that substantial evidence supports the determination at issue. At the hearing, petitioner admitted to possessing stamps in excess of $22.50 as well as legal documents belonging to other inmates, including those containing crime and sentencing information, outside the confines of the law library. He also admitted to possessing at least one carton of cigarettes that he did not purchase. His testimony, together with the reasonable inferences to be drawn therefrom, as well as the misbehavior report, provide substantial evidence of petitioner's guilt (see Matter of English v Fischer, 55 AD3d 1206 [2008]; Matter of Morgan v Goord, 10 AD3d 792, 792 [2004]). Petitioner's contrary testimony that he did not perform unauthorized legal work for other inmates outside the law library presented a credibility issue for the Hearing Officer to resolve (see Matter of Vidal v Selsky, 47 AD3d 1035, 1035 [2008], lv denied 10 NY3d 707 [2008]; Matter of Kalwasinski v

*Goord*, 25 AD3d 1050, 1050 [2006]). His remaining contentions, to the extent that they have been preserved for our review, are lacking in merit.

Peters, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.