In the Matter of ALEJANDRO SIERRA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [918 NYS2d 682]—

As a participant in the sex offender counseling and treatment program, petitioner, a prison inmate, signed an agreement to refrain from possessing pornography or any other materials of a sexual nature not approved by treatment staff. Thus, when a search of his cube revealed several books depicting sexual

scenes, petitioner was charged with possessing materials in a prohibited area and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed on administrative review. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that the record does not contain substantial evidence to support that part of the determination finding petitioner guilty of refusing a direct order and, therefore, the determination must be annulled to that extent (*see Matter of Minton v Fischer*, 73 AD3d 1347, 1348 [2010], *appeal dismissed* 15 NY3d 848 [2010]; *Matter of Benvenutti v Fischer*, 67 AD3d 1105, 1105 [2009]). Inasmuch as the penalty has already been served by petitioner and no loss of good time was recommended, we need not remit the matter for a redetermination of the penalty (*see Matter of Al-Ibrahim v Fischer*, 73 AD3d 1314, 1315 [2010]; *Matter of Wilson v Kadien*, 69 AD3d 1104, 1104 [2010]).

Turning to the remaining charge, in view of the fact that petitioner admitted to owning the books in question, we find that the error in the misbehavior report misidentifying the place where the books were found did not fail to apprise him of the charge against him or deprive him of the opportunity to prepare a defense (*see Matter of Arriaga v Smith*, 70 AD3d 1160, 1160 [2010]; *Matter of Linares v Fischer*, 59 AD3d 761 [2009], *lv denied* 12 NY3d 709 [2009]). Additionally, the record demonstrates that the finding of guilt resulted from the evidence and testimony presented, rather than hearing officer bias (*see Matter of Lamphear v Fischer*, 76 AD3d 1166 [2010]; *Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]). Finally, petitioner's contention that the Hearing Officer was not qualified to preside is not preserved for our review by his failure to object during the hearing (*see Matter of Hamilton v Bezio*, 76 AD3d at 1126).

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.