■ In the Matter of AARON SMITH, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [929 NYS2d 503]—

During a search of petitioner's cell, a correction officer found, among other things, items belonging to other inmates as well as

___

* Respondent has advised that petitioner has obtained a six-month adjournment of his reappearance before the Board.

a graffiti-style drawing containing a symbol associated with an illegal gang. As a result, petitioner was charged in a misbehavior report with possessing gang-related material, engaging in an unauthorized exchange and possessing personal information of an employee. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of possessing personal information of an employee, and the determination must be annulled to that extent (*see Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]; *Matter of Fernandez v Goord*, 27 AD3d 806, 806 [2006]). However, given that petitioner has already served the penalty and a loss of good time was not imposed, the matter need not be remitted for a reassessment of the penalty (*see Matter of Hernandez v Fischer*, 79 AD3d 1544, 1545 [2010], *lv denied* 16 NY3d 710 [2011]; *Matter of Al-Ibrahim v Fischer*, 73 AD3d 1314, 1315 [2010]). As for the charges of engaging in an unauthorized exchange and possessing gang-related material, the misbehavior report, documentary evidence and testimony adduced at the hearing support the finding of guilt (*see Matter of Moore v Fischer*, 76 AD3d 737, 737 [2010]; *Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d 714 [2010]). Petitioner's claim of retaliation presented a credibility issue for the hearing officer to resolve (*see Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]). His assertion that the hearing officer was biased is not substantiated by the record, and there is no indication that the determination flowed from any alleged bias (*see Matter of Cornwall v Fischer*, 74 AD3d 1507, 1509 [2010]; *Matter of Purcell v McKoy*, 54 AD3d 1113, 1114 [2008]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing personal information of an employee; determination annulled to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.