■ In the Matter of ENRIQUE ORTIZ, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [935 NYS2d 914]—

We confirm. The misbehavior report, together with the documentary evidence and testimony adduced at the hearing, including petitioner's admission to possessing the items in question and the testimony of the correction officials trained in identifying gang-related material, provide substantial evidence supporting the determination of guilt (*see Matter of Moore v Fischer*, 76 AD3d 737, 737 [2010]; *Matter of Wheeler-Whichard v Fischer*, 69 AD3d 1286, 1286 [2010]). Petitioner's assertion that the symbols on the disbursement forms were his personal mark and that the misbehavior report was retaliatory in nature presented a credibility issue for the Hearing Officer to resolve (*see Matter of Smith v Fischer*, 87 AD3d 1198, 1199 [2011]; *Matter of Harvey v Bradt*, 81 AD3d 1003, 1003-1004 [2011]). Moreover, petitioner's claim that he was denied adequate employee assistance because he was not provided copies of the disbursement forms and article is unavailing given that he was provided an opportunity to review these documents at the hearing, which he declined, and he has not demonstrated any prejudice (*see Matter of Cornwall v Fischer*, 73 AD3d 1367, 1368 [2010]; *Matter of*

*Liner v Fischer*, 56 AD3d 1088, 1088 [2008], *lv denied* 12 NY3d 703 [2009]). His challenge to the sufficiency of the misbehavior report is likewise unavailing as it contained enough detailed and specific information to allow petitioner to prepare an adequate defense (*see Matter of Rios v Fischer*, 59 AD3d 797, 797 [2009]; *Matter of Maya v Goord*, 272 AD2d 724, 725 [2000], *lv denied* 96 NY2d 704 [2001]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Peters, J.P., Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.