■ In the Matter of ULYSSES DEJESUS, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [939 NYS2d 733]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

While making his rounds on petitioner's cell block, a correction officer noticed a large quantity of water flowing from the water chase. As the officer walked by petitioner's cell, a large wad of wet toilet paper was thrown from the cell, barely missing the officer's head. Petitioner asked to be released from his cell so that he could mop the floor, but the officer denied his request. Petitioner thereafter was charged in a misbehavior report with creating a disturbance, committing an unhygienic act, attempting to assault staff, littering and harassment. At the conclusion of a tier III disciplinary hearing, he was found guilty of all of the charges except for harassment—notwithstanding the fact that petitioner pleaded guilty to that charge at the start of the hearing. After the determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Petitioner contends, among other things, that the determination is not supported by substantial evidence. Initially, we note that petitioner pleaded guilty to the charges of littering and creating a disturbance and, therefore, may not challenge the sufficiency of the evidence as to those charges (*see Matter of Regan v Fischer*, 87 AD3d 1236, 1237 [2011]; *Matter of Cruz v Walsh*, 87 AD3d 1234, 1234 [2011]). As to the remaining charges, respondent concedes and we agree that the determination finding petitioner guilty of attempting to assault staff is not supported by substantial evidence and must be annulled (*see Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]; *Matter of Genis v New York State Dept. of Correctional Servs.*, 80 AD3d 1032, 1032 [2011]). Further, given the particular facts of this case, the proof adduced at the hearing did not establish that petitioner committed an unhygienic act. Accordingly, the determination as to that charge also must be annulled (*compare Matter of Russell v Selsky*, 50 AD3d 1412, 1412 [2008]).

Inasmuch as petitioner already has served the penalty and no loss of good time was imposed, we need not remit the matter for a reassessment of the penalty (*see Matter of Smith v Fischer*, 87 AD3d 1198, 1199 [2011]; *Matter of Sierra v Fischer*, 82 AD3d at 1437). In view of our disposition, we also need not address petitioner's remaining claims.

Mercure, A.P.J., Lahtinen, Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of committing an unhygienic act and attempting to assault staff; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.