■ In the Matter of Chan Rodriguez, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [946 NYS2d 908]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

After a search of petitioner's cube produced an allegedly gang-related item in a photo album, petitioner was charged in a misbehavior report with violating the prison rule prohibiting the possession of such material. He was found guilty of the charge following a tier III disciplinary hearing. Although the penalty was modified upon administrative review, the determination of guilt was otherwise affirmed, prompting the commencement of this CPLR article 78 proceeding.

We confirm. The misbehavior report, along with the documentary evidence, hearing witnesses, petitioner's own statements and the testimony of a correction officer trained in recognizing gang materials, provide substantial evidence supporting the determination of guilt (see Matter of Ortiz v Fischer, 91 AD3d 1006 [2012]; Matter of Arrington v Venettozzi, 87 AD3d 1215 [2011]). Petitioner's claim that the confiscated material was not gang-related and was simply "graffiti" presented a credibility issue to be resolved by the Hearing Officer (see Matter of Ortiz v Fischer, 91 AD3d at 1006). Contrary to petitioner's argument, our review confirms that the determination of guilt resulted from the evidence presented at the hearing and not hearing officer bias (see Matter of Alicea v Fischer, 94 AD3d 1316, 1317 [2012]).

Petitioner's remaining contentions are either unpreserved for our review or lacking in merit.

Lahtinen, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.