Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in two misbehavior reports with several disciplinary rule violations. The first resulted from petitioner wearing an improper T-shirt in the mess hall. The second stemmed from an incident that occurred shortly thereafter, when petitioner left the mess hall without permission and turned in a threatening manner to face correction officers who had repeatedly directed him to stop. Following a tier III disciplinary hearing addressing both reports, petitioner was found guilty of refusing a direct order, making threats, leaving an assigned area, a movement regulation violation, and being untidy. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
Respondent initially concedes that the portion of the determination finding petitioner guilty of being untidy cannot be sustained. We agree that the determination must be annulled to that extent but, inasmuch as petitioner lost no good time and has already served the penalty imposed, remittal is not required (see Matter of DeJesus v Prack, 93 AD3d 985, 986 [2012]).
Substantial evidence, in the form of the detailed second misbehavior report and the testimony of the officers involved in the incident, supports the remainder of the determination (see Matter of Amaker v Bezio, 98 AD3d 1146, 1146 [2012]; Matter of Walker v Bezio, 96 AD3d 1268, 1268 [2012]). Any discrepancies between the report and the testimony of its author presented a *1285 credibility issue for the Hearing Officer to resolve (see Matter of Pena v Selsky, 53 AD3d 938, 939 [2008]; Matter of Smith v Goord, 275 AD2d 827, 828 [2000]). Petitioner’s remaining arguments have been considered and found to be without merit.
Peters, P.J., Lahtinen, Spain and Egan Jr., JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of being untidy; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner’s institutional record; and, as so modified, confirmed.