■ In the Matter of LAMAR SANCHEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [965 NYS2d 397]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following an investigation into petitioner's possession of a watch with a chronograph function, petitioner was charged in a misbehavior report with lying, possession of an unauthorized valuable, possession of unauthorized jewelry, possessing a prohibited article, smuggling and unauthorized exchange. He was found guilty as charged following a disciplinary hearing. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

Contrary to petitioner's contention, the misbehavior report, testimony at the hearing, documentary evidence, petitioner's admission that the watch was his and the reasonable inferences to be drawn therefrom provide substantial evidence to support the determination of guilt (*see People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]; *Matter of Vourderis v Bezio*, 78 AD3d 1359, 1359 [2010]; *Matter of Haden v Selsky*, 57 AD3d 1056, 1057 [2008]). To the extent that petitioner asserts that the charges were in retaliation for a grievance filed against the author of the misbehavior report, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of McPherson v Lee*, 101 AD3d 1330, 1331 [2012]).

Petitioner's remaining contentions, including his claim that he was denied documentary evidence, are unpreserved for this Court's review.

Peters, P.J., Stein, McCarthy and Egan Jr., JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.