Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
After petitioner, a prison inmate, was observed by several correction officers speaking at a service of the Nation of Islam and encouraging attendees to organize with other groups to take action against the facility and its staff, he was served with a misbehavior report charging him with rioting and demonstration. Following a tier III disciplinary hearing, he was found *1031 guilty of demonstration and that determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination.
We confirm. To the extent that petitioner challenges the evidence against him, the misbehavior report and the testimony of the three correction officers who heard petitioner’s statements constitute substantial evidence to support the determination of guilt (see Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied — NY3d —, 2013 NY Slip Op 84879 [2013]; Matter of Williams v Fischer, 102 AD3d 1044, 1044 [2013]). Petitioner’s contention that the charges were fabricated in retaliation for grievances he had filed against the officers raised a credibility issue to be resolved by the Hearing Officer (see Matter of Sanchez v Fischer, 106 AD3d 1361, 1361 [2013]; Matter of Tuitt v Martuscello, 106 AD3d 1355, 1356 [2013], lv denied 21 NY3d 865 [2013]).
Petitioner’s contentions that he received ineffective employee assistance, he was denied documentary evidence, the misbehavior report failed to sufficiently apprise him of the charges, and the hearing was untimely commenced and completed are unpreserved by his failure to adequately and timely raise these arguments during the hearing when they could have been addressed (see Matter of Argentina v Fischer, 98 AD3d 768, 768-769 [2012]; Matter of Morales v Fischer, 89 AD3d 1346, 1346-1347 [2011]; Matter of Hernandez v Bezio, 76 AD3d 1148, 1148-1149 [2010]). Finally, our review of the record reveals that the finding of guilt did not result from hearing officer bias but, rather, was based on the substantial evidence elicited during the hearing (see Matter of Colon v Fischer, 98 AD3d 1176, 1177 [2012], lv denied 20 NY3d 857 [2013]; Matter of Rodriguez v Fischer, 96 AD3d 1333, 1333 [2012]). Petitioner’s remaining contentions have been examined and found to be without merit.
Stein, J.E, McCarthy, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.