Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was issued an electric truck and key to perform his duties as a parts mover in a work training program at Attica Correctional Facility. Approximately four hours later, he reported that the key was missing. When it was not recovered, petitioner was charged in a misbehavior report with losing state *1069 property and refusing a direct order. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondents concede and we agree after a careful review of the record that substantial evidence does not support that part of the determination finding petitioner guilty of refusing a direct order (see Matter of Hood v Fischer, 100 AD3d 1122, 1123 [2012]; Matter of Croskery v LaValley, 93 AD3d 1055, 1055 [2012]). However, inasmuch as no loss of good time was imposed and petitioner has already served the penalty, the matter need not be remitted for a redetermination thereof (see Ross v Prack, 95 AD3d 1579, 1580 [2012]; Matter of Dejesus v Prack, 93 AD3d 985, 985 [2012]). We reach a different conclusion with respect to that part of the determination finding petitioner guilty of losing state property. It is supported by substantial evidence consisting of the misbehavior report, related documentation and the testimony elicited at the hearing (see Matter of Brown v Fischer, 98 AD3d 770, 771 [2012]; Matter of Austin v Venettozzi, 97 AD3d 867, 867 [2012]). Petitioner’s contrary testimony that he put the key back in the lockbox before going to the mess hall for lunch presented an issue of credibility for the Hearing Officer to resolve (see Matter of Jamison v State of N.Y. Dept, of Corr. Servs., 98 AD3d 1150, 1150 [2012]). Petitioner’s remaining contentions have either not been preserved for our review or are lacking in merit.
Lahtinen, J.P, Stein, Spain and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner’s institutional record; and, as so modified, confirmed.