■ In the Matter of ELMER RIVERA, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [973 NYS2d 473]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, commenced this proceeding challenging a prison disciplinary determination rendered upon two misbehavior reports.* The first report charged him with drug

* Although Supreme Court properly transferred the proceeding inasmuch as petitioner raised the issue of substantial evidence in his petition, that issue

possession, smuggling and violating facility visitation procedures and the second report charged him with drug possession, smuggling, misuse of state property and committing an unhygienic act. Following a tier III disciplinary hearing, petitioner was found guilty as charged. On administrative appeal, the determination was modified by dismissing one charge of drug possession as duplicative, but otherwise affirmed.

Initially, respondent concedes that the Hearing Officer improperly denied petitioner's request for witnesses who could have provided testimony relevant to the charge of violating facility visitation procedures. Upon review of the record, we agree and annul the determination to that extent. Inasmuch as a loss of good time was not recommended and petitioner has served the penalty imposed, remittal for a redetermination of the penalty is unnecessary (see Matter of Nieves v Venettozzi, 102 AD3d 1027, 1027 [2013], lv denied 21 NY3d 852 [2013]).

Turning to petitioner's claims regarding the remaining charges, to the extent he asserts that he was denied adequate employee assistance, such assertion is unavailing inasmuch as he has failed to demonstrate that his defense was prejudiced by the alleged deficiencies (see Matter of Smith v Selsky, 294 AD2d 629, 630 [2002]). Finally, we find nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any bias (see Matter of Tinker v Bezio, 106 AD3d 1356, 1357 [2013]; Matter of Fisher v Fischer, 105 AD3d 1286, 1286 [2013]).

Rose, J.P., Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating facility visitation procedures; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

---

has been abandoned because petitioner failed to raise it in his brief (see Matter of Lineberger v Bezio, 89 AD3d 1293, 1294 [2011], appeal dismissed 19 NY3d 847 [2012]).