■ In the Matter of KEVIN GOODE, Petitioner, v P. CHAPPIUS, JR., as Superintendent of Elmira Correctional Facility, et al., Respondents. [988 NYS2d 294]—

Proceeding pursuant to CPLR article 78 (partially transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Corrections and Community Supervision and a determination of respondent Superintendent of Elmira Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with unauthorized exchange and providing unauthorized legal assistance. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and the determination was upheld on administrative appeal. Petitioner was subsequently charged in a second misbehavior report with unauthorized exchange, possession of another inmate's crime information and a facility correspondence violation. Petitioner was found guilty of all three charges following a tier II disciplinary hearing and this second determination was administratively affirmed. Petitioner then commenced this CPLR article 78 proceeding seeking review of these determinations. Supreme Court transferred the claims relating to the disciplinary determinations to this Court.* We find that, in light of the misbehavior report, documentary evidence and the testimony adduced at the hearing, the first determination finding petitioner guilty of providing unauthorized legal assistance is supported by substantial evidence (*see Matter of Haughey v Artus*, 108 AD3d 956, 956 [2013]; *Matter of Kalwasinski v Goord*, 25 AD3d 1050, 1050 [2006]). Petitioner admitted to having another inmate's legal papers, and petitioner's proffered explana-

---

* Supreme Court also dismissed claims regarding various grievances lodged by petitioner, but they are not presently at issue.

tion created a credibility issue for the Hearing Officer to resolve (*see Matter of Haughey v Artus*, 108 AD3d at 956-957; *Matter of Kelly v Department of Correctional Servs.*, 75 AD3d 672, 673 [2010]; *Matter of Lopez v Healy*, 39 AD3d 978, 978 [2007]; *Matter of Kalwasinski v Goord*, 25 AD3d at 1050). However, with regard to the finding of guilt on the charge of unauthorized exchange, prison disciplinary rule 113.15 provides that "[a]n inmate shall not purchase, sell, loan, give or exchange a personally owned article without authorization" (7 NYCRR 270.2 [B] [14] [v]). The evidence in the record indicates that petitioner obtained the materials at issue during a period in which he was authorized to do so and simply retained possession of the materials beyond the expiration of his authorization. Thus, "the rule violation with which petitioner was charged does not appear to be applicable to the circumstances present here" and we therefore annul the finding of guilt with respect to that charge (*Matter of Graziano v Coughlin*, 221 AD2d 684, 685 [1995]). Since no loss of good time was imposed and the penalty has already been served, we need not remit for a reassessment of the penalty (*see Matter of Clark v Fischer*, 114 AD3d 1116, 1117 [2014]; *Matter of Sylvester v Fischer*, 108 AD3d 951, 952 [2013]).

Turning to the second disciplinary determination, respondent concedes, and we agree, that the part of the determination finding petitioner guilty of possession of another inmate's crime information is not supported by the record (*see Matter of Smith v Fischer*, 87 AD3d 1198, 1199 [2011]). However, inasmuch as no loss of good time was imposed and the penalty has already been served, we need not remit for a reassessment of the penalty (*see Matter of Clark v Fischer*, 114 AD3d at 1117; *Matter of Smith v Fischer*, 87 AD3d at 1199). With regard to the other two charges, the misbehavior report and petitioner's testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Newman v Department of Corr. Servs.*, 110 AD3d 1309, 1309 [2013]; *Matter of McNeil v Fischer*, 109 AD3d 1025, 1026 [2013]). Furthermore, the explanation of the underlying events offered at the hearing by petitioner created a credibility issue for the Hearing Officer to resolve (*see Matter of Haughey v Artus*, 108 AD3d at 956-957; *Matter of Kelly v Department of Correctional Servs.*, 75 AD3d at 673; *Matter of Lopez v Healy*, 39 AD3d at 978; *Matter of Kalwasinski v Goord*, 25 AD3d at 1050).

Petitioner's assertions that the Hearing Officers presiding over the tier III and tier II hearings were biased are not supported in the record and there are, in any event, no indications that the determinations flowed from the alleged bias (*see Matter*

*of Cruz v Walsh*, 87 AD3d 1234, 1235 [2011]; *Matter of Smith v Fischer*, 87 AD3d 1198, 1199 [2011]). We have examined petitioner's remaining contentions with respect to both determinations and found them to be without merit.

Peters, P.J., Lahtinen, McCarthy, Rose and Lynch, JJ., concur. Adjudged that the tier III determination dated September 10, 2012 is modified, without costs, by annulling so much thereof as found petitioner guilty of unauthorized exchange; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed. Adjudged that the tier II determination dated September 24, 2012 is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of another inmate's crime information; petition granted to that extent and respondent Superintendent of Elmira Correctional Facility is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.