■ In the Matter of TIMOTHY BUSH, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [992 NYS2d 461]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate who was a participant in the sex offender counseling and treatment program, signed an agreement to refrain from possessing pornographic materials. After a search of petitioner's cube revealed drawings depicting cartoon characters engaging in various sexual acts, he was charged with refusing to obey a direct order and possession of an article in an area where possession is prohibited. Following a tier III disciplinary hearing, he was found guilty of both charges and that determination was upheld on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding.

Initially, we agree with petitioner that substantial evidence does not support that part of the determination that found him guilty of refusing to obey a direct order (*see Matter of Newman v Department of Corr. Servs.*, 110 AD3d 1309, 1310 [2013]; *Matter of Sierra v Fischer*, 82 AD3d 1436, 1437 [2011]). As such, that part of the determination is annulled. However, inasmuch as petitioner has served the penalty imposed and no loss of good time was recommended, the matter need not be remitted for a redetermination of the penalty (*see Matter of Rivera v Fischer*, 110 AD3d 1277, 1278 [2013]; *Matter of Pulecio v Fischer*, 109 AD3d 1068, 1069 [2013], *lv denied* 22 NY3d 858 [2014]).

Turning to the remaining charge, the detailed misbehavior report and petitioner's admissions that he had agreed not to possess pornographic materials and that the drawings were in his possession provide substantial evidence to support the determination of guilt (*see Matter of Newman v Department of Corr. Servs.*, 110 AD3d at 1309-1310; *Matter of Sierra v Fischer*, 82 AD3d at 1437). Our review of the record reveals that the finding of guilt was based upon the evidence in the record rather than any alleged hearing officer bias (*see Matter of Fero v Prack*, 110 AD3d 1128, 1129 [2013]; *Matter of Abrams v Fischer*, 109 AD3d 1030, 1031 [2013]). His remaining claims have been reviewed and determined to be unpreserved or without merit.

Stein, J.P., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing to obey a direct order; petition granted to that extent and re-

spondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.