### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 25, 2014                    518206
_____

In the Matter of TIMOTHY BUSH,
                    Petitioner,

          v                              MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:   August 4, 2014

Before:   Stein, J.P., McCarthy, Rose, Egan Jr. and Lynch, JJ.

_____

          Timothy Bush, Gowanda, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

_____

          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

          Petitioner, a prison inmate who was a participant in the
sex offender counseling and treatment program, signed an
agreement to refrain from possessing pornographic materials.
After a search of petitioner's cube revealed drawings depicting
cartoon characters engaging in various sexual acts, he was
charged with refusing to obey a direct order and possession of an
article in an area where possession is prohibited.  Following a
tier III disciplinary hearing, he was found guilty of both
charges and that determination was upheld on administrative
appeal.  Petitioner thereafter commenced this CPLR article 78

proceeding.

Initially, we agree with petitioner that substantial evidence does not support that part of the determination that found him guilty of refusing to obey a direct order (see Matter of Newman v Department of Corr. Servs., 110 AD3d 1309, 1310 [2013]; Matter of Sierra v Fischer, 82 AD3d 1436, 1437 [2011]). As such, that part of the determination is annulled. However, inasmuch as petitioner has served the penalty imposed and no loss of good time was recommended, the matter need not be remitted for a redetermination of the penalty (see Matter of Rivera v Fischer, 110 AD3d 1277, 1278 [2013]; Matter of Pulecio v Fischer, 109 AD3d 1068, 1069 [2013], lv denied 22 NY3d 858 [2014]).

Turning to the remaining charge, the detailed misbehavior report and petitioner's admissions that he had agreed not to possess pornographic materials and that the drawings were in his possession provide substantial evidence to support the determination of guilt (see Matter of Newman v Department of Corr. Servs., 110 AD3d at 1309-1310; Matter of Sierra v Fischer, 82 AD3d at 1437). Our review of the record reveals that the finding of guilt was based upon the evidence in the record rather than any alleged hearing officer bias (see Matter of Fero v Prack, 110 AD3d 1128, 1129 [2013]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]). His remaining claims have been reviewed and determined to be unpreserved or without merit.

Stein, J.P., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing to obey a direct order; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court