*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                 519877
_____

In the Matter of LEO A. MARINO,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

DANIEL MARTUSCELLO JR., as
    Superintendent of Coxsackie
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  June 8, 2015

Before:  Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        Leo A. Marino, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review four determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

        Three different correction officers observed petitioner, on separate occasions, smoking a cigarette in his cell and each directed him to extinguish it.  Each officer then prepared a misbehavior report charging petitioner with, among other things, smoking in an undesignated area and refusing a direct order.  A fourth misbehavior report was prepared by a correction counselor after he received a letter — containing degrading and intimidating comments — that was written by petitioner in

response to the counselor's denial of his Freedom of Information Law request (see Public Officers Law art 6). This misbehavior report charged petitioner with harassment, interfering with an employee and making threats.

Four separate tier II disciplinary hearings were subsequently conducted. At the conclusion of the first hearing, petitioner was found guilty of smoking and, after the second and third hearings, he was found guilty of smoking and refusing a direct order; all determinations were affirmed upon administrative appeal. After the fourth hearing, petitioner was found guilty of harassment, and this determination also was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the four disciplinary determinations.

Initially, with respect to those portions of the second and third determinations finding petitioner guilty of refusing a direct order, respondent concedes and we agree that substantial evidence does not support petitioner's guilt and the determinations must be modified accordingly (see Matter of Page v Lee, 116 AD3d 1275, 1275 [2014]; Matter of Pulecio v Fischer, 109 AD3d 1068, 1069 [2013], lv denied 22 NY3d 858 [2014]). Inasmuch as a loss of good time was not imposed and petitioner already has served the penalty, remittal for redetermination thereof is unnecessary (see Matter of Page v Lee, 116 AD3d at 1275; Matter of Pulecio v Fischer, 109 AD3d at 1069). We reach a different conclusion, however, with respect to the three charges of smoking. The misbehavior reports, together with petitioner's testimony at the hearings, provide substantial evidence supporting petitioner's guilt of smoking on each of the occasions at issue (see Matter of Goode v Chappius, 118 AD3d 1225, 1226 [2014]; Matter of Newman v Department of Corr. Servs., 110 AD3d 1309, 1309-1310 [2013]).

As for the fourth disciplinary determination, the misbehavior report, together with the subject letter, which petitioner did not dispute writing, provide substantial evidence supporting petitioner's guilt of the charge of harassment (see Matter of Greene v Fischer, 107 AD3d 1271, 1271 [2013]; Matter of Marhone v LaValley, 107 AD3d 1186, 1187 [2013]). Petitioner's

defense — that the misbehavior reports were brought against him in retaliation for his filing of grievances — presented a credibility issue for the Hearing Officer to resolve (see Matter of Shepherd v Commissioner of Corr. & Community Supervision, 123 AD3d 1283, 1283 [2014]; Matter of Toliver v New York State Commr. of Corr. & Community Supervision, 114 AD3d 987, 987 [2014]).  In addition, we have reviewed each of the hearing transcripts and do not find that the Hearing Officers were biased or that the determinations at issue flowed from any alleged bias (see Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]; Matter of Brown v Fischer, 120 AD3d 1517, 1517-1518 [2014]).  Petitioner's remaining contentions have not been preserved for our review.

Lahtinen, J.P., Egan Jr., Rose and Lynch, JJ., concur.

ADJUDGED that the determination dated September 10, 2013 finding petitioner guilty of smoking and the determination dated October 1, 2013 finding petitioner guilty of harassment are confirmed, without costs, and petition dismissed to that extent.

ADJUDGED that the determination dated September 10, 2013 finding petitioner guilty of smoking and refusing a direct order is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ADJUDGED that the determination dated September 17, 2013 finding petitioner guilty of smoking and refusing a direct order is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court