## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 12, 2016                521693
_____

In the Matter of WILLIAM JONES,
                    Petitioner,

            v                          MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:  March 29, 2016

Before:  Lahtinen, J.P., Garry, Rose, Clark and Aarons, JJ.

_____

        William Jones, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        While a group of inmates was being escorted to the prison recreation yard, a fight broke out and some of the inmates forced their way through the gate as a correction officer was attempting to secure it.  Petitioner was charged in a misbehavior report with engaging in violent conduct, creating a disturbance, disobeying a direct order and assaulting another inmate.  Following a tier III disciplinary hearing, petitioner was found not guilty of assaulting an inmate and guilty of the remaining

charges.[1]  The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

Initially, as respondent concedes, the record lacks substantial evidence that a direct order was given to petitioner which he refused and, thus, the determination must be modified (see Matter of Tafari v Annucci, 137 AD3d 1356, 1357 [2016]; Matter of Marino v Martuscello, 131 AD3d 749, 749 [2015], lv denied 26 NY3d 910 [2015], cert denied ___ US ___ [Apr. 18, 2016]).  Given that petitioner has served the penalty and loss of good time was not imposed, remittal for a redetermination of the penalty is not necessary (see Matter of Marino v Martuscello, 131 AD3d at 749-750).

With regard to the remaining charges, the documentary evidence, misbehavior report and testimony of its author, the correction officer directly involved, provide substantial evidence that petitioner engaged in violent conduct and created a disturbance (see Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]).  The officer observed the fight and recounted that, during the fight involving other inmates, he saw petitioner fighting with another identified inmate.  Petitioner's testimony that he did not engage in fighting other than to defend himself presented a credibility issue for the Hearing Officer to resolve (see Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]).  Contrary to his claim, the misbehavior report provided adequate notice of the rule violations and his specific conduct in "fighting with" another identified inmate during the melee so as to enable him to prepare a defense (see Matter of Hyatt v Annucci, 137 AD3d 1382, 1382 [2016]).  Further, petitioner received all of the existing and relevant documents that he requested; given that he was found not guilty on the assault charge and that the medical records and injuries of the other inmates involved were not relevant to the remaining charges or

---

[1]  Petitioner was also charged in a separate misbehavior report shortly after the fight with being under the influence of alcohol or an intoxicant.  This charge was heard in a combined hearing on both of the misbehavior reports, following which petitioner was found not guilty of this charge.

relied upon in the disposition, he was not prejudiced by the denial of this request or by his employee assistant's failure to obtain them (see Matter of Hardy v Smith, 87 AD3d 779, 780 [2011]; Matter of Abdul-Khaliq v Goord, 34 AD3d 872, 872-873 [2006]; Matter of Huggins v Goord, 28 AD3d 891, 891-892 [2006]). Finally, petitioner was not improperly denied witnesses as the correction officers requested were not present during the incident and their testimony was not shown to be relevant (see Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]; Matter of Wilson v Fischer, 120 AD3d 1477, 1478 [2015]). Petitioner's remaining claims are either unpreserved or lack merit.

Lahtinen, J.P., Garry, Rose, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and respondent is directed to expunge all reference to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court