Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged in a misbehavior report with making threats, harassment, lying and violating correspondence procedures based upon a letter he wrote to the correction facility health services director, wherein he indicated that if he had to be seen by a particular correction facility doctor, it would “only . . . create more problems” and he would “cause and be a problem.” He also used obscene language and referred to the doctor as racist and incompetent. Following a hearing, petitioner was found guilty of making threats and harassment. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report, together with the letter that petitioner admitted writing, provide substantial evidence to support the determination of guilt (see Matter of Young v Keyser, 136 AD3d 1084, 1085 [2016]; Matter of Marino v Martuscello, 131 AD3d 749, 750 [2015], lv denied 26 NY3d 910 [2015], cert denied 578 US -, 136 S Ct 1665 [2016]; Matter of Marhone v LaValley, 107 AD3d 1186, 1187 [2013]). The record does not support petitioner’s contention that he was denied a fair hearing or that there was a predetermination of his guilt prior to the hearing (see Matter of McBride v Annucci, 142 AD3d 1218, 1219 [2016]). Indeed, the record establishes that the determination of guilt resulted from the evidence presented and not from any bias on the part of the Hearing Officer (see Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 854 [2017]). To the extent that petitioner challenges the basis for the extensions obtained and the timeliness of the hearing, we note that the regulatory time limits are directory, rather than mandatory, and petitioner has failed to demonstrate that he suffered any prejudice as a result of any delay (see Matter of De La Cruz v Bezio, 107 AD3d 1275, 1276 [2013]; Matter of Blocker v Fischer, 100 AD3d 1118, 1119 [2012], lv denied 21 NY3d 857 [2013]). Petitioner’s remaining contention—that the misbehavior report was in retaliation for a grievance he had filed—was not raised at the hearing and, therefore, is unpreserved for our review (see Matter of Bookman v Fischer, 107 AD3d 1260, 1260 [2013]).
 

 Peters, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.