Matter of Amaker v Boyd (2018 NY Slip Op 04798)





Matter of Amaker v Boyd


2018 NY Slip Op 04798


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018

524997

[*1]In the Matter of ANTHONY D. AMAKER, Petitioner, 
v
ANDREW BOYD, as Captain at Bare Hill Correctional Facility, Respondent.

Calendar Date: May 8, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Anthony D. Amaker, New York City, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Superintendent of Bare Hill Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with interference with an employee and refusing a direct order following an incident in the prison infirmary. At the tier II disciplinary hearing, the nurse attending to petitioner and a correction officer working at the infirmary testified that after petitioner arrived for a sick call, he became loud and demanding, talked over the nurse and was uncooperative. Further, they testified that petitioner refused several direct orders to calm down, to cooperate and to refrain from interfering and interrupting. Petitioner was found guilty of the charges and a penalty was imposed, which was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, testimony of the correction officer who authored it and the nurse who cosigned the report provide substantial evidence supporting the determination (see Matter of Osborne v Venettozzi, 141 AD3d 990, 991 [2016]). Petitioner's denial that he engaged in the charged conduct as well as his challenge to the timeline of the incident presented credibility issues for the Hearing Officer to resolve (see Matter of Romero v [*2]Gonyea, 159 AD3d 1206, 1207 [2018]). Contrary to his claim, the Hearing Officer properly denied his request to call the physician who treated his injury days later, as the physician was not present during this incident and his testimony was not shown to be relevant to the charges (see Matter of Jones v Fischer, 139 AD3d 1219, 1220 [2016]). Further, petitioner was not denied the right to submit or review relevant documents, as the lawsuit papers he sought to introduce were not relevant and the requested inmate injury report was read into the record in his presence. Finally, the record contains no support for petitioner's claim that portions of the hearing were purposefully not transcribed and, while there are some inaudible gaps, we do not find that they are "so significant as to preclude meaningful [judicial] review" (Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017] [internal quotation marks and citation omitted]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.