Matter of Harris v Venettozzi (2018 NY Slip Op 08399)





Matter of Harris v Venettozzi


2018 NY Slip Op 08399


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526407

[*1]In the Matter of ANTONIO HARRIS, Appellant,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: October 26, 2018

Before: Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ.


Antonio Harris, Gowanda, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (O'Connor, J.), entered March 2, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
As the result of an investigation during which petitioner's telephone calls were monitored, correction officials discovered that petitioner solicited a female visitor to bring sexual enhancement drugs into the correctional facility. The visitor disclosed this information to an investigator, but did not actually bring the drugs into the facility. Thereafter, petitioner was charged in a misbehavior report with conspiring to introduce drugs into the correctional facility, solicitation, violating visiting room procedures and violating telephone procedures. Following a tier III disciplinary hearing, he was found guilty of all of the charges except for the drug charge. The determination was later affirmed on administrative appeal, and petitioner commenced this CPLR article 78 proceeding challenging it. Following service of respondent's answer, Supreme Court dismissed the petition, and petitioner appeals.
Petitioner contends that he was improperly denied documentary evidence consisting of the unusual incident report, to/from reports, investigative reports, telephone tapes and other evidence to be used against him. He further asserts that his employee assistant was inadequate for failing to obtain these items. Inasmuch as petitioner did not request any documentary evidence at the hearing or object to his assistant's failure to produce the same, he has not preserved these claims for judicial review (see Matter of Rodriguez v Annucci, 136 AD3d 1083, [*2]1084 [2016]; Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013])[FN1]. We note that petitioner was provided with some documentary evidence, as the preliminary unusual incident report was read into the record and the tapes of two recorded telephone conversations were played in petitioner's presence during the disciplinary hearing. Accordingly, Supreme Court properly dismissed the petition.
Garry, P.J., McCarthy, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner's claim of inadequate employee assistance is unpreserved for the additional reason that he did not raise it in his administrative appeal (see Matter of Rico v Fischer, 112 AD3d 1249, 1250 [2013]).