Matter of Lebron v Annucci (2019 NY Slip Op 05247)





Matter of Lebron v Annucci


2019 NY Slip Op 05247


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

527585

[*1]In the Matter of ANGEL LEBRON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 24, 2019

Before: Garry, P.J., Egan, Jr., Lynch, Rumsey and Pritzker, JJ.


Angel Lebron, Woodbourne, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with making threats after a handwritten letter from him was received in the office of the superintendent of the facility where he was incarcerated. In the letter, petitioner complained about a named correction officer who had written misbehavior reports against him, and warned that "if she keeps coming to my cell it's going to be a problem, that your staff or superiors aren't going to like." The letter stated that he should be given a housing reassignment "or it's going to be serious problems with this officer and possibly others." Following a tier III disciplinary hearing, petitioner was found guilty and a penalty was imposed, and the determination was upheld on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, together with the letter itself and petitioner's admission that he wrote it, provide substantial evidence to support the determination of guilt (see Matter of Davis v Bedard, 167 AD3d 1214, 1215 [2018]; Matter of Washington v Annucci, 160 AD3d 1313, 1313 [2018]; Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1207 [2017]). Petitioner's contention that he wrote the letter to express his concerns and did not intend to threaten anyone presented a credibility issue for the Hearing Officer to resolve (see Matter of Washington v Annucci, 160 AD3d at 1313). Contrary to petitioner's argument, the confidential testimony concerning his intellectual capacity was obtained in compliance with the regulations, after ascertaining that petitioner understood the charges and the purpose of the hearing and advising him that such confidential testimony would be taken, to which he did not object (see 7 NYCRR 254.6 [b] [2]; [c] [1], [4]). The record contains no support for petitioner's claim that the Hearing Officer prejudged his guilt or that the determination flowed from any alleged bias (see Matter of Ayuso v Venettozzi, 170 AD3d 1407, [*2]1408 [2019]). Petitioner's procedural claims were not raised at the hearing and, thus, they are unpreserved and may not be considered (see Matter of Hutchinson v Miller, 166 AD3d 1199, 1200 [2018], lv denied ___ NY3d ___ [June 11, 2019]).
Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.