Matter of Harris v Collado (2023 NY Slip Op 00469)

Matter of Harris v Collado

2023 NY Slip Op 00469

Decided on February 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 2, 2023

535455 
[*1]In the Matter of Andre Harris, Petitioner,
v
Jaifa Collado, as Superintendent of Shawangunk Correctional Facility, Respondent.

Calendar Date:January 6, 2023

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Andre Harris, Walkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an incarcerated individual, was charged in a misbehavior report with an unauthorized exchange, violating facility correspondence procedures and providing unauthorized legal assistance. According to the misbehavior report, while in the law library, a correction officer found petitioner to be in possession of nonlegal paperwork stating that petitioner was to be paid, and/or had been paid, for legal documents that he was preparing and that petitioner would transfer documents between incarcerated individuals. Also found in petitioner's possession was nonlegal paperwork from two other incarcerated individuals. Following a tier II disciplinary hearing, petitioner was found guilty of engaging in an unauthorized exchange and not guilty of the remaining charges. That determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the confiscated letters and the hearing testimony, including the testimony of the correction officer who prepared the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Goode v Chappius, 118 AD3d 1225, 1225 [3d Dept 2014]; Matter of Haughey v Artus, 108 AD3d 956, 956 [3d Dept 2013]; Matter of Kalwasinski v Goord, 25 AD3d 1050, 1050 [3d Dept 2006]). Petitioner's claim that he was not involved in an unauthorized exchange is belied by the evidence of past exchanges, and, in any event, petitioner can be found guilty of the charge by any attempt to engage in an unauthorized exchange, as incarcerated individuals "involved in a conspiracy or an attempt to violate a disciplinary rule will be liable to the same degree as violators of such rules" (Matter of Rose v Lilley, 205 AD3d 1187, 1188 [3d Dept 2022] [internal quotation marks and citation omitted]; see 7 NYCRR 270.3 [b]).
Petitioner's claim that the Hearing Officer was biased and should have been disqualified is unpreserved as he did not raise it in his disciplinary hearing or administrative appeal (see Matter of Jones v Annucci, 206 AD3d 1397, 1398 [3d Dept 2022]; Matter of Headley v Annucci, 150 AD3d 1513, 1514 [3d Dept 2017]). Petitioner's remaining contentions have been considered and found to lack merit.
Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.