*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                    519142
_____

In the Matter of IAN DAWES,
                    Appellant-
                    Petitioner,

        v                                   MEMORANDUM AND ORDER
                                                AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent-
                    Respondent.

_____


Calendar Date:   December 2, 2014

Before:  Lahtinen, J.P., McCarthy, Devine and Clark, JJ.


                    _____


        Ian Dawes, Gowanda, appellant-petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for respondent-respondent.


                    _____


        (1) Appeal from a judgment of the Supreme Court (Brockway,
J.), entered June 4, 2014 in Chemung County, which dismissed that
part of the petition, in a proceeding pursuant to CPLR article
78, to review two determinations of the Central Office Review
Committee denying petitioner's grievances, and (2) proceeding
pursuant to CPLR article 78 (transferred to this Court by order
of the Supreme Court, entered in Chemung County) to review a
determination of the Superintendent of Southport Correctional
Facility which found petitioner guilty of violating a prison
disciplinary rule.

        Petitioner commenced this CPLR article 78 proceeding
challenging, as is relevant herein, a tier II disciplinary

determination finding him guilty of disobeying a direct order and the denial of two grievances regarding his confinement in the special housing unit with regard to the number of showers permitted per week and the reimposition of a 30-day adjustment period following the issuance of a new misbehavior report. Supreme Court, among other things, dismissed that part of the petition that challenged the two grievances and transferred to this Court that portion of the petition challenging the tier II disciplinary proceeding.

Initially, to the extent that petitioner challenges the denial of his two grievances, we note that petitioner has since been transferred from the correction facility where the grievances arose. As such, he is no longer aggrieved by those policies and, therefore, any challenge thereto is rendered moot (see Matter of Abreu v White, 85 AD3d 1451, 1451 [2011]; Matter of Ortiz v Simmons, 67 AD3d 1208, 1209 [2009]). Turning to the tier II disciplinary determination, the Attorney General concedes, and our review of the record confirms, that substantial evidence does not support the tier II disciplinary determination finding petitioner guilty of refusing a direct order. Consequently, the determination must be annulled and all references thereto expunged from petitioner's institutional record (see Matter of Sloane v McKinney, 48 AD3d 850, 850 [2008]).

Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.

ORDERED that the appeal from the judgment entered June 4, 2014 is dismissed, as moot, without costs.

ADJUDGED that the determination is annulled, without costs, petition granted to that extent, and the Superintendent of Southport Correctional Facility is directed to expunge all references to this matter from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court