■ In the Matter of EDWARD VANSTEENBURG, Petitioner, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [10 NYS3d 659]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Columbia County) to review (1) a determination of the Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating certain disciplinary rules, and (2) determinations which denied petitioner's grievances.

The misbehavior report and testimony at the hearing relat-

ing that petitioner was ordered three times to lock in his cell provide substantial evidence to support the determination finding petitioner guilty of disobeying a direct order and a movement regulation violation. Turning to the procedural issues, the record belies petitioner's assertion that he was not properly served with the misbehavior report. Furthermore, petitioner was not entitled to employee assistance in this tier II disciplinary proceeding (*see* 7 NYCRR 251-4.1 [a]), and we find no abuse of discretion in the Hearing Officer's denial thereof (*see* 7 NYCRR 251-4.1 [b]), particularly as petitioner has not shown that he suffered any prejudice as a result (*see Matter of Chaney v Selsky*, 35 AD3d 1109, 1110 [2006]). To the extent that petitioner contends that he was denied the right to call certain inmate witnesses, we note that none of the those witnesses previously agreed to testify, each signed witness refusal forms and, as to the few that did not state the reason for their refusals, the Hearing Officer made a sufficient inquiry, on the record, of the correction officer who obtained the witnesses' refusals regarding the facts surrounding their decisions (*see Matter of Hill v Selsky*, 19 AD3d 64, 66 [2005]). Finally, contrary to petitioner's contention, the record fails to demonstrate that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Harris v Piccolo*, 122 AD3d 1044, 1045 [2014]).

Turning to the denial of petitioner's grievances, we note that because petitioner's submission indicates that he has since been transferred out of the correction facility where the grievances arose, he is no longer aggrieved by the alleged violation of policies and regulations giving rise to the grievances and, therefore, any challenge thereto is rendered moot (*see Matter of Dawes v Annucci*, 125 AD3d 1035, 1036 [2015]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Lahtinen, J.P., Garry and Egan Jr., JJ., concur. Adjudged that the determination finding petitioner guilty of certain prison disciplinary rules is confirmed, without costs, and petition dismissed to that extent. Adjudged that the portion of the petition challenging the grievance determinations is dismissed, as moot, without costs.