## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 2, 2017          523009
_____

In the Matter of SHAWN GREEN,
                    Petitioner,

          v                          MEMORANDUM AND JUDGMENT

PAUL CHAPPIUS, as
    Superintendent of Elmira
    Correctional Facility,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Garry, J.P., Lynch, Rose, Devine and Aarons, JJ.

                    _____

          Shawn Green, Dannemora, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                    _____

          Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review four determinations denying petitioner's grievances and two determinations finding petitioner guilty of violating certain prison disciplinary rules.

          While an inmate at Elmira Correctional Facility in Chemung County, petitioner filed various grievances concerning the facility's practices and policies with respect to haircuts, commissary buy restrictions and vending machines.  These grievances were ultimately denied.  In addition, he was charged in two misbehavior reports with numerous disciplinary rule violations.  Petitioner was found guilty of most of the charges contained in the first misbehavior report following a tier II disciplinary hearing, and the determination was later affirmed on

administrative appeal. He was charged in the second misbehavior report with additional disciplinary rule violations when he failed to heed a correction officer's order to lock into his cell, threatened to strike the officer and, in fact, struck the officer in the jaw with a clinched fist. Following a tier III disciplinary hearing, petitioner was found guilty of violating a direct order, making threats, engaging in violent conduct, interfering with an employee and assaulting staff. This determination was also affirmed on administrative appeal. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the denial of his grievances as well as the prison disciplinary determinations.

As petitioner has been transferred to another correctional facility, he is no longer aggrieved by the practices and policies forming the bases for his grievances and, thus, those challenges are now moot (see Matter of Vansteenburg v State of N.Y. Dept. of Corrs. & Community Supervision, 128 AD3d 1295, 1296 [2015]; Matter of Dawes v Annucci, 125 AD3d 1035, 1036 [2015]). Contrary to petitioner's claim, the exception to the mootness doctrine is inapplicable. Turning to the tier II disciplinary determination, respondent concedes and we agree, after reviewing the hearing transcript which is woefully incomplete, that it is not supported by substantial evidence and must be annulled in its entirety, with all references thereto expunged from petitioner's institutional record (see Matter of Parker v Fischer, 106 AD3d 1305, 1306 [2013]).

We reach a different conclusion, however, with respect to the tier III disciplinary determination. The detailed misbehavior report, related documentation and hearing testimony provide substantial evidence supporting the determination (see Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]; Matter of Genyard v Annucci, 136 AD3d 1091, 1091 [2016]). Petitioner's denial of any wrongdoing presented a credibility issue for the Hearing Officer to resolve (see Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [2014]; Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1058 [2012], appeal dismissed 19 NY3d 919 [2012]). We have considered petitioner's numerous remaining contentions and find them either unpreserved for our review or lacking in merit.

Garry, J.P., Lynch, Rose, Devine and Aarons, JJ., concur.

ADJUDGED that that portion of the petition challenging the grievance determinations is dismissed, as moot, without costs.

ADJUDGED that the determination finding petitioner guilty of violating certain prison disciplinary rules following a tier II disciplinary hearing is annulled, without costs, petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record.

ADJUDGED that the determination finding petitioner guilty of violating certain prison disciplinary rules following a tier III disciplinary hearing is confirmed, without costs, and petition dismissed to that extent.

ENTER:

Robert D. Mayberger
Clerk of the Court