Matter of Gilkeson v Annucci (2018 NY Slip Op 07514)





Matter of Gilkeson v Annucci


2018 NY Slip Op 07514


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of JAMES GILKESON, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


James Gilkeson, Ossining, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Maney, J.), entered February 28, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondent's motion to dismiss the petition.
While an inmate at Green Haven Correctional Facility, petitioner commenced this CPLR article 78 proceeding challenging the denial of two grievances relating to the noise caused by use of radio speakers by fellow inmates without headphones and to compel respondent to revise and comply with the Department of Corrections and Community Supervision directives regarding audio units permitted into the prison through the facility package room. Petitioner also moved to have the proceeding certified as a class action pursuant to CPLR article 9. Respondent moved to dismiss the petition on various grounds. Supreme Court denied petitioner's motion for certification of a class action and granted respondent's motion to dismiss the petition. Petitioner appeals.
We affirm. With regard to the denial of the grievances, petitioner has been transferred to another correctional facility and is no longer aggrieved by the practices and policies at Green Haven that formed the bases for his grievances. As such, those challenges are now moot (see Matter of Green v Chappius, 147 AD3d 1129, 1130 [2017], lv denied 29 NY3d 914 [2017]; Matter of Vansteenburg v State of N.Y. Dept. of Corr. & Community Supervision, 128 AD3d 1295, 1296 [2015]; Matter of Shoga v Annucci, 122 AD3d 1180, 1181 [2014]). We are unpersuaded that this matter warrants application of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Further, we find no abuse of discretion in Supreme Court's denial of petitioner's request for class action certification given the conclusory and generalized assertions regarding the violation, on either a local or statewide basis, of the directive of the Department of Corrections [*2]and Community Supervision regarding the distribution of audio units and radios that enter correctional facility package rooms. Petitioner's remaining contentions have been reviewed and found to be without merit.
McCarthy, J.P., Devine, Clark, Aarons, Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.