*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519200
_____

In the Matter of CHRISTOPHER
    PRINCE,
                        Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting                    MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                        Respondents.
_____


Calendar Date:  January 20, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.


_____


        Christopher Prince, Dannemora, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondents.


_____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        Petitioner commenced this CPLR article 78 proceeding challenging an administrative determination finding him guilty of violating the prison disciplinary rules that prohibit fighting, violent conduct, assault on an inmate, possession of a weapon and creating a disturbance.  The charges stemmed from the observation of a correction officer who witnessed the victim, petitioner and a third inmate doing laps in the north yard of the correctional

facility. The correction officer saw the victim suddenly jump away and square off with petitioner and the other inmate. The victim then immediately went to a correction officer's post to report that he had been cut, which was confirmed following an examination revealing a puncture wound consistent with an ice-pick-type weapon.

Initially, we agree with petitioner's contention that the charge of creating a disturbance must be annulled given the lack of any testimony or other evidence regarding any type of disturbance resulting from the incident. Remittal for a redetermination of the penalty is not required, as petitioner has already served the penalty imposed and the record does not indicate that any loss of good time was involved (see Matter of Sanabria v Annucci, 123 AD3d 1328, 1329 [2014]). To the extent that petitioner challenges the remaining charges, our review of the record establishes that the misbehavior report, hearing testimony and unusual incident reports provide substantial evidence to support the determination of guilt with respect thereto (see Matter of Thomas v Goord, 34 AD3d 1143, 1144 [2006]), notwithstanding the fact that the victim denied petitioner's involvement in the attack and no weapon was ultimately recovered (see Matter of Bolden v Selsky, 305 AD2d 749, 750 [2003], lv denied 100 NY2d 510 [2003]; Matter of Brown v Goord, 286 AD2d 843, 844 [2001]). Petitioner's remaining contentions are either unpreserved or without merit.

Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of creating a disturbance; petition granted to that extent and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court