Matter of Dancy v Annucci (2023 NY Slip Op 04245)

Matter of Dancy v Annucci

2023 NY Slip Op 04245

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

536117
[*1]In the Matter of Eric Dancy, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:June 23, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Prisoners' Legal Services of New York, Albany (Matthew McGowan of counsel), for petitioner.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with assaulting an incarcerated individual, engaging in violent conduct, creating a disturbance and interfering with an employee. According to the report, a correction officer responded to a loud noise in the stairwell, where he observed petitioner standing next to another incarcerated individual who was lying on the ground and a large amount of blood splattered on the walls of the stairwell. The individual on the ground, who shouted an obscenity at petitioner, sustained two long lacerations on his face and one on his chest, and it was concluded that petitioner had assaulted that individual with an unrecovered cutting-type weapon. Following a tier III disciplinary hearing, petitioner was found guilty of assaulting an incarcerated individual, engaging in violent conduct, creating a disturbance and interfering with an employee. Upon administrative review, the charges of creating a disturbance and interfering with an employee were dismissed, and the charges of assaulting an incarcerated individual and engaging in violent conduct were affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and related documentary evidence provide substantial evidence to support the determination of guilt notwithstanding the fact that no weapon was recovered (see Matter of Lundy v Annucci, 203 AD3d 1364, 1365 [3d Dept 2022]; Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [3d Dept 2018]; Matter of Prince v Annucci, 126 AD3d 1201, 1202 [3d Dept 2015]; Matter of Brown v Goord, 286 AD2d 843, 844 [3d Dept 2001]). "Although the incident was not witnessed, the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt" (Matter of Hoyes v Annucci, 213 AD3d 1011, 1012 [3d Dept 2023] [internal quotation marks and citations omitted]). The differing testimony of petitioner presented credibility issues for the Hearing Officer to resolve (see Matter of Barzee v Venettozzi, 173 AD3d 1580, 1581 [3d Dept 2019]). Petitioner's remaining arguments either have not been preserved or lack merit.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.