Matter of Smith v Annucci (2024 NY Slip Op 05614)

Matter of Smith v Annucci

2024 NY Slip Op 05614

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1502
[*1]In the Matter of Andre Smith, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 10, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Rickner PLLC, New York City, (Stephanie Panousieris of counsel), for petitioner.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondent.

Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with fighting, assaulting an incarcerated individual and engaging in violent conduct. According to the report, a correction officer observed petitioner and the victim, another incarcerated individual, striking each other and petitioner making "a cutting type of motion" toward the victim. The victim sustained a laceration to his wrist, and it was concluded that petitioner had assaulted the victim with an unrecovered cutting-type weapon. Following a tier III disciplinary hearing, petitioner was found guilty of assault but not guilty of the remaining charges. Upon an administrative appeal, the determination was affirmed and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, hearing testimony and documentary evidence provide substantial evidence to support the determination of guilt, notwithstanding the fact that a weapon was not recovered (see Matter of Dancy v Annucci, 219 AD3d 1031, 1032 [3d Dept 2023]; Matter of Prince v Annucci, 126 AD3d 1201, 1202 [3d Dept 2015]). Moreover, "[e]ven if the entire incident was not witnessed, 'the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt' " (Matter of Kelly v Mayes, 210 AD3d 1168, 1169 [3d Dept 2022], quoting Matter of Fernandez v Annucci, 161 AD3d 1431, 1432 [3d Dept 2018]). The different account of the incident offered by petitioner and the victim created a credibility determination for the Hearing Officer to resolve (see Matter of Prince v Annucci, 126 AD3d at 1202; Matter of Watson v Fischer, 108 AD3d 1006, 1007 [3d Dept 2013]).
As to petitioner's procedural contentions, the record reflects that "the hearing was commenced in a timely manner and was completed in accordance with proper extension requests" (Matter of Gonzalez v Annucci, 168 AD3d 1291, 1292 [3d Dept 2019]; accord Matter of Mena v Gutwein, 216 AD3d 1384, 1385 [3d Dept 2023], lv denied 40 NY3d 906 [2023]). Petitioner's contention that the part of the penalty assessing him 240 days in the special housing unit is unlawful is moot, inasmuch as the duration of the penalty has expired (see Matter of Dagnone v Annucci, 149 AD3d 1461, 1462 [3d Dept 2017]; Matter of Adams v Superintendent Bollinier, 118 AD3d 1351, 1351 [4th Dept 2014]). We note that, pursuant to the Humane Alternatives to Long-Term Solitary Confinement Act (HALT Act) (Correction Law § 137 [6] [i] [i], [ii], as amended by L 2021, ch 93, § 5), "[n]o person may be placed in segregated confinement for longer than necessary and no more than [15] consecutive days" or for "more than [20] total days within any [60] day period," with some limited exceptions (Correction Law § 137 [6] [i] [*2][i]). Once the statutory maximum time in segregated confinement is reached, the person must either be released from segregated confinement or diverted to a separate residential rehabilitation unit for the duration of the assessed penalty (see Correction Law § 137 [6] [i] [i]; [m] [i]). Although respondent states that the statutory limits on the segregated confinement of petitioner were followed, notwithstanding the assessment of a penalty of 240 days in the special housing unit,[FN1] we recognize that assessing penalties above the statutory maximum time limit creates confusion, even if an individual is not ultimately placed in the special housing unit for more than the statutory limit. Having Hearing Officers assess penalties that take into account the statutory limitations on segregated confinement would resolve this confusion, and we encourage respondent to address this issue. Finally, to the extent that petitioner argues, for the first time on appeal, that the loss of good time assessed as part of the penalty was not restored to him following his completion of the residential rehabilitation unit programs (see Correction Law § 137 [m] [iv]), he has failed to exhaust his administrative remedies and judicial review of the issue is precluded (see Matter of Derby v Annucci, 227 AD3d 1413, 1415 [4th Dept 2024]; Matter of Jones v Department of Correctional Servs. of State of N.Y., 283 AD2d 805, 806 [3d Dept 2001]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner concedes that there is no proof in the record as to how many days he was held in the special housing unit and limits his argument to the penalty as assessed, not as it was implemented. According to petitioner, he has filed a grievance regarding his actual confinement in the special housing unit.