Matter of Hernandez v Martuscello (2025 NY Slip Op 00363)

Matter of Hernandez v Martuscello

2025 NY Slip Op 00363

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-24-0979
[*1]In the Matter of Ariel Hernandez, Petitioner,
v
Daniel F. Martuscello III, as Commissioner of the Department of Corrections and Community Supervision, Respondent.

Calendar Date:January 3, 2025

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Ariel Hernandez, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with assaulting an incarcerated individual and engaging in violent conduct. According to the report, an investigation was conducted into an incident during which an incarcerated individual was assaulted by four other incarcerated individuals, one of whom was petitioner. The investigation revealed that, when the altercation in a facility bathroom spilled out into the gallery and through the hallway, petitioner struck the victim with a commissary-bought hot pot. During this incident, petitioner was identified as an assailant and placed into mechanical restraints. Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and that determination was upheld upon administrative review. This CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, hearing testimony and related documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Smith v Annucci, 232 AD3d 1014, 1014 [3d Dept 2024]; Matter of Dancy v Annucci, 219 AD3d 1031, 1032 [3d Dept 2023]; Matter of Hoyes v Annucci, 213 AD3d 1011, 1011-1012 [3d Dept 2023]). The differing testimony of petitioner and his witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of Dancy v Annucci, 219 AD3d at 1032; Matter of Kelly v Mayes, 210 AD3d 1168, 1169 [3d Dept 2022]). To the extent that petitioner's remaining contentions are properly before us, they lack merit.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.