Matter of Hooks v Rodriguez (2025 NY Slip Op 06776)

Matter of Hooks v Rodriguez

2025 NY Slip Op 06776

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-25-0038
[*1]In the Matter of Jayson Hooks, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:November 14, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Corcoran, JJ.

Jayson Hooks, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assaulting an incarcerated individual, fighting, engaging in violent conduct, possessing a weapon, smuggling, gang activity, refusing a direct order, creating a disturbance and interfering with an employee. The charges arose from an incident in the early morning of November 17, 2023, when a correction officer observed petitioner and five other incarcerated individuals run into another incarcerated individual's cube and pummel him. The victim was found to have injuries consistent with both a weighted weapon and a cutting-type weapon as well and, although a makeshift bludgeon fashioned from socks and combination locks was recovered nearby, the weapon used to cause the slashing injuries was not found. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was modified upon administrative appeal to dismiss several of the charges and lessen the penalty, but the findings of guilt with regard to engaging in violent conduct, creating a disturbance, assaulting an incarcerated individual, possessing a weapon and gang activity were affirmed. This CPLR article 78 proceeding ensued.
Respondent initially concedes, and our review of the record leads us to agree, that the part of the determination finding petitioner guilty of gang activity is unsupported by substantial evidence and must be annulled. As petitioner has already served the penalty and no loss of good time was involved, the matter need not be remitted for a redetermination of the penalty (see Matter of Jones v Uhler, 237 AD3d 1390, 1391 [3d Dept 2025]). The misbehavior report and related documentation, photographs of both the victim's injuries and the recovered weapon capable of causing bodily harm, as well as the hearing testimony, constitute substantial evidence supporting the remaining findings of guilt (see Matter of Smith v Annucci, 232 AD3d 1014, 1014 [3d Dept 2024]; Matter of Dancy v Annucci, 219 AD3d 1031, 1032 [3d Dept 2023]; Matter of Bosquet v Bezio, 69 AD3d 1257, 1257-1258 [3d Dept 2010]). Even though the correction officer who saw the incident did not witness a weapon in use during the attack, "the circumstantial evidence and the reasonable inferences drawn therefrom provide a sufficient basis for a finding of guilt" (Matter of Flores v Fischer, 110 AD3d 1302, 1303 [3d Dept 2013], lv denied 22 NY3d 861 [2014]; see Matter of Smith v Annucci, 232 AD3d at 1014-1015). Petitioner's denial of involvement in the attack created a credibility question that the Hearing Officer was free to, and did, resolve against him (see Matter of Dancy v Annucci, 219 AD3d at 1032).
Notwithstanding petitioner's further claim, there was [*2]nothing inherently inconsistent in the determination that he had violated prison disciplinary rules such as engaging in violent conduct by participating in the attack but was not guilty of other rule violations such as fighting (see Matter of Serrano v Danforth, 221 AD3d 1148, 1148-1149 [3d Dept 2023]; Matter of Davis v Annucci, 137 AD3d 1437, 1438 [3d Dept 2016]). Petitioner's remaining arguments, to the limited extent that they are preserved for our review, are without merit.
Aarons, J.P., Lynch, Ceresia, McShan and Corcoran, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of gang activity; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.